## Ennis's Estate.

*Decedents' estates—Funeral expenses—Excessive charges.*

An undertaker who, acting upon instructions of a niece and distant cousin of the deceased, furnished a casket and conducted a funeral, without inquiring for or consulting the executor or legatees, is entitled to recover only such charges as are reasonable in connection with the station in life of the decedent and not disproportionate to the size of the estate.

It is for the orphans' court to determine from all the circumstances in the case—the situation in life of the decedent, the size of the estate, etc.,—the reasonable expenses of conducting the funeral. It was not error for the orphans' court to allow only $600 for funeral expenses where a bill of $937.80 was submitted by an undertaker in an estate of a retired domestic amounting to about $22,000.

Argued December 17, 1920. Appeal, No. 243, Oct. T., 1920, by John A. Fitzpatrick, from decree of O. C. Phila. Co., Jan. T., 1920, No. 398, dismissing exceptions to adjudication in the estate of Marcella Ennis, deceased. Be-

292, (1921).] Statement of Facts—Opinion of the Court.

fore PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to adjudication. Before HENDERSON, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned,* among others, was the order of the court.

*John Weaver,* for appellant.

*Michael F. McCullen,* for appellee.

OPINION BY KELLER, J., March 5, 1921:

Appellant, an undertaker, presented a claim at the audit of decedent's estate for $937.80, for funeral casket and supplies, services and expenses, in connection with her burial. The orphans' court found that the bill was excessive and allowed $600.

The bill was not ordered or incurred by the executor of decedent's will nor by the residuary or other legatees. Appellant received his instructions from a niece, Sister Angelique, and a friend or distant cousin, Mrs. McCormick. He made no inquiry as to who were the legal representatives of decedent or who was pecuniarily interested in the estate. During the four years just preceding he had conducted the funerals of four of decedent's nearest relatives, her mother, brother, and two sisters, and decedent had personally made the arrangements for the funeral and selected the casket for her sister Annie only six months before her own death, and in none of them was the charge one-half of the present bill. Claimant himself had thought the casket selected was too expensive but had given in to Sister Angelique's instructions to furnish whatever Mrs.

McCormick would select. It was the most expensive funeral he had ever conducted in an experience of twenty-two years.

There was testimony of several other undertakers that the prices charged for the casket and materials furnished were fair and reasonable and the prevailing market prices, but that does not fully meet the issue. It was for the court to determine from all the circumstances in the case, the situation in life of the decedent, the size of the estate, etc., whether it was reasonable to provide such an expensive burial. Where an undertaker contracts with the executor of a decedent's will, he may, ordinarily, hold such person liable for the amount of his bill, and the responsibility for the reasonableness of the charges is transferred to the legal representative who must satisfy the parties interested in the estate and the court in that respect; but where he proceeds at the direction of one without authority to contract for and bind the estate, the law implies a contract on behalf of an executor having assets sufficient for the purpose only to the extent of a funeral suitable to the station in life of the decedent as well as not disproportionate to the size of the estate; in other words, reasonable under all the circumstances: Cullen's Est., 8 Pa. Superior Ct. 494; Sinnott's Est., 15 Dist. R. 873; Bauman's Est., 5 Pa. C. C. 579; Taylor's Est., 3 Dist. R. 691.

The decedent, before ceasing active work, had been a domestic for many years and had accumulated by her thrift, and from the estates of her deceased sisters, a fortune of about $22,000. Nothing in her will or during her life showed any desire on her part for an ostentatious display at her funeral and her arrangements for her sisters' funerals negatived any such idea.

Had appellant submitted his claim to a jury and been awarded $600, this court would not have interfered with the verdict. The action of the auditing judge on such a question of fact, approved by the court in banc, is entitled to equal weight: Coulston's Est., 161 Pa. 151.

282, (1921).]                Opinion of the Court.

We are not satisfied that any reversible error was committed in the circumstances, and the decree of the orphan's court is affirmed at the costs of the appellant.