## Sibilia's Estate.

*Decedents' estates—Medical and hospital expenses—Minor's interest—Fund raised by settlement under Federal Employer's Liability Act.*

Where a fund in the hands of an administrator has been raised by a settlement under the Federal Employer's Liability Act for the death of the intestate, the interest of a minor child of the deceased, in such fund, will not be liable for a claim for medical and hospital expenses of the deceased, although such expenses were paid by the claimant at the request of the decedent in his lifetime, and of the widow.

Argued January 8, 1924. Appeal, No. 15, Oct. T.; 1924, by Anthony Siano, from judgment of Superior Court, April T., 1923, No. 69, reversing decree of O. C. Allegheny Co., Feb. T., 1921, No. 278, in estate of Michael J. Sibilia, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court.

HENDERSON, J., filed the following opinion:

The question presented in this appeal arose in a distribution proceeding in the orphans' court. The fund in the hands of the accountant was produced in a settlement with the Pennsylvania Railway Company growing out of the death of Michael J. Sibilia, an employee of that company, who was wrongfully injured while engaged in interstate commerce, as a result of which injury he died several weeks after the accident. At the audit a claim was presented by Anthony Siano for $539.55, the amount of payments made by him to hospitals where the decedent was treated and to nurses who assisted in taking care of him between the date of the injury and the time of his death. The claim is thus set forth in a statement presented by the plaintiff to the orphans' court. "At the request of the decedent and of his wife, Ethel M.

Sibilia, the claimant paid various bills for hospital expenses and nurses' services." The persons entitled to the fund are the widow, Ethel M. Sibilia, and a minor daughter of the decedent. The court allowed the claim and charged the share of each of the claimants with one-half of the amount thereof. The funeral expenses had been paid and the widow made no objection to the payment of the claimant's bill. The appeal was taken by the guardian of the minor child. The right of the appellant was under the provisions of the Act of April 22, 1908, Federal Code, section 8069, "Liability of railroads for death or injuries to employees from negligence.—Every common carrier by railroad while engaged in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment," and the amendment thereof by the Act of April 5, 1910, Federal Code, section 8077. "Survival of injured persons' right of action.—Any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery

for the same injury." It will be noticed that the claimant rests his case on the fact that he made the payments at the request of the decedent and his wife. He appears therefore as a creditor of the decedent and perhaps of his wife. As the fund was derived through a claim under the act of Congress the real question is whether the appellee may proceed against that fund on the cause of action which he sets forth. It will be seen from a perusal of the statutes above quoted that a right of action begins when the injured person dies. Up to that time the liability of the employer is to the employee on a cause of action distinctly given, but after the death of the employee a new right arises which is that of the widow and children and this is wholly independent of any right existing in the employee. The case of the widow and children rests on the injury which they sustained in the loss of support and care which they might reasonably have expected if the husband and father lived, and the liability of the employer was for the pecuniary damage resulting to them and for that only. This is the construction put upon a similar act in England. In Blake v. Midland Ry. Co., 18 Q. B. 93, the court said: "It will be evident that this act does not transfer this right of action to his (the decedent's) representative, but gives to the representative a totally new right of action on different principles." The act of Congress clearly invests the injured employee with a right to such damages as will compensate him for his personal loss and suffering. Where, however, he does not survive the injury, it gives to his personal representative, as a trustee for the relatives named, a right to recover such sum as will compensate for any loss which they may sustain by the employee's death. This construction of the law is sustained in Michigan Central Ry. v. Vreeland, 227 U. S. 59, and in St. Louis & Iron Mt. Ry. v. Craft, 237 U. S. 648; and from these cases and the language of the statute we think the conclusion is to be drawn that that which is recovered by the widow and children in case of the death of

the employee is received by reason of their injury, notwithstanding the fact that the right arises because of the injury to the employee. One-half of the fund therefore belonged to the minor child and from that share was taken one-half of the claimant's account. It is not contended that there is any adjudicated case to support this action. The decree of the court is based on considerations of sentiment and humanity which hold reasonable the imposition of such a claim as that here presented on the fund. Bair v. Robinson, 108 Pa. 249, was relied on by the court as persuasive, if not convincing, but it will be observed on an examination of that case that it rested on an implied contract to reimburse the plaintiff for funeral expenses incurred. The claimant here was under no compulsion to pay the bills for the care of the decedent. If he paid them of his own volition, he was a volunteer and the amount would not be recoverable in an action at law. If he paid them at the request of the decedent and his wife, his right would arise under that request and the minor child in either situation would have no liability. What she recovered was compensation for her own loss and this had no legal relation to her father's estate. The act of Congress expressly declares that a recovery in such case shall be exclusively for the benefit of the persons suffering the pecuniary loss resulting from the death of the employee. No authority has been brought to our attention which supports the doctrine that a minor child is liable for the debts of her deceased father. It is very clear that general creditors of the decedent could have no claim arising as did this and no convincing reason is suggested why the bills incurred at the hospital are in a different category from other liabilities of the decedent. The rights of the parties are to be adjudicated under the statute and while the claimant may be entitled to sympathetic consideration for his generous response to the request of the decedent and his wife, we are constrained to hold that neither under the act of Congress nor the adjudications of the

courts is there sufficient support of the decree. It is therefore reversed, and distribution to the appellant is directed in accordance with this opinion. The cost to be paid by the appellee.

Anthony Siano, claimant, appealed.

*Error assigned* was, inter alia, decree, quoting it.

Benjamin L. Steinberg, for appellant, cited: Cleveland & P. R. R. v. Rowan, 66 Pa. 393.

Wilbur F. Galbraith, for appellee, cited: Michigan Cent. R. R. v. Vreeland, 227 U. S. 59; Taylor v. Taylor, 232 U. S. 363; St. Louis, I. M. & S. Ry. v. Craft, 237 U. S. 648.

PER CURIAM, February 14, 1924:

The appeal is dismissed at appellant's costs on the opinion of the Superior Court and it is ordered that distribution be made therein as directed.

---

# Manely, Appellant, *v.* Pennsylvania Railroad Co.

*Negligence—Railroads—Grade crossings — Death — "Stop, look and listen"—Contributory negligence—Evidence.*

1. Where a woman passes over three of the four tracks of a railroad at a public crossing, and, without stopping or looking, enters upon the fourth track, and is struck by a locomotive, which she could have seen if she had looked, and is killed, she is guilty of contributory negligence, and no recovery can be had for her death. Sakall v. B. & O. R. R., 272 Pa. 89, followed.

Argued January 14, 1924. Appeal, No. 142, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 1467, for defendant n. o. v., in case of Thomas Manely v. Pennsylvania Railroad Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.