## Hunter's Estate.

*Guardian and ward—Allowance of funeral expenses of minor's indigent father from minor's estate.*

When the amount claimed by the undertaker for the funeral of a minor's indigent father is disproportionate to the minor's estate and more than would be allowed for the minor's own funeral, the claim will be disallowed.

*Semble.* Where the claim for an indigent father's funeral expenses is reasonable and not disproportionate to the minor's estate, it may be allowed as a necessity.

Petition and answer. O. C. Phila. Co., Jan. T., 1925, No. 283.

*Albert S. Longbottom* (of *Byron, Longbottom, Pape & O'Brien*), for petition.

*R. Sturgis Ingersoll* (with him, *Ballard, Spahr, Andrews & Madeira*), contra.

VAN DUSEN, J., Dec. 29, 1926.—The father of the minor died, leaving life and benefit insurance payable to the minor amounting to $1413.03, which has come into the hands of the guardian. The minor and his two adult sisters ordered the father's burial by the petitioner at the cost of $538.50. The father left no estate, and the adult sisters have no means; and the petitioner asks that the guardian be directed to pay this bill. In this request the minor, who is seventeen years old, has joined; and his sisters have promised to reimburse him for their proportionate shares when they are able.

In Schurr's Estate, 13 Phila. 353, this court had to deal with the accounts of a guardian who had in many respects misapplied the estate of the ward. He was surcharged with various items and deprived of compensation; but the court did not surcharge him with the sum he paid for the funeral of the mother of the minor, who had no estate of her own, the amount not being extravagant in view of the minor's estate. It was remarked that such a payment "was always at the risk of the guardian," and it was approved "in consideration of all the circumstances."

In Van Ness's Estate, 66 Pitts. L. J. 814, the court ordered payment for the funeral of an indigent father from the estate of a minor, which estate consisted of insurance on the father's life; and based its conclusion on "common decency" and upon the case of Bair *v.* Robinson, 108 Pa. 247. In that case it was held that a married woman, who was liable under the Married Women's Act of April 11, 1848, P. L. 536, for "articles necessary for the support of the family of the husband and wife," when ordered by her, must pay for the funeral of her mother, who was a member of her household.

In Roberts's Estate, 2 Pa. C. C. Reps. 647, the Orphans' Court of Chester County ordered payment of the funeral expenses of a grandmother, amounting to $200, out of a minor's estate of $3000. The ruling was based upon the Act of June 13, 1836, P. L. 547, which required grandchildren to relieve and maintain a poor person at such rate as the Court of Quarter Sessions should order.

On the other hand, Judge Wilhelm held that only the Court of Quarter Sessions had jurisdiction under the Act of 1836, and refused to make a similar order: Kehoe's Estate, 10 Schuyl. Legal Rec. 142; Carroll's Estate, 26 Dist. R. 1058.

And in Sibilia's Estate, 82 Pa. Superior Ct. 67, payment was refused from a minor's estate for the expenses of the last illness of an indigent parent, on the ground that there was no liability upon a minor child for the debts of the parent. No reference was made to the Act of 1836, and Bair *v.* Robinson was

distinguished on the ground that it was based on implied contract; that is, we suppose, on the fact that the person held liable had ordered the funeral— a fact not present in Sibilia's Estate, though it is one of the facts in the present case.

We agree that the Act of 1836 is not authority for action by the Orphans' Court.

The most favorable aspect in which to regard the present claim is that it is for "necessaries" furnished the minor. We do not understand that the order of the minor is indispensable to hold him liable for real necessaries, and that difference between this case and Sibilia's Estate may be dismissed from consideration. The comfort of a parent's last illness is as much a necessity for a minor as his burial, if not more, and we think the ruling of Sibilia's Estate as to the one should apply to the other, and that it is the latest and best authority on the subject. The priority of the widow's exemption to funeral expenses is an instance where the necessities of the living prevail over those of the dead: Weir's Estate, 28 W. N. C. 268; Norton's Estate, 1 Lacka. Leg. News, 3. There is no statute applicable to minors, such as was the basis of decision in Bair v. Robinson. Schurr's Estate is weakened as a precedent by the language of the opinion.

If the burial of the parent was a necessity to the minor, it was equally so to his two sisters. In any event, so far as the minor is concerned, his estate would be liable only to a reasonable amount, and the amount claimed here is disproportionate to his estate and more than would be allowed for his own burial. See Ennis's Estate, 76 Pa. Superior Ct. 292.

The petition is dismissed.

THOMPSON, J., did not sit.