## D'Allessandro's Estate.

The facts appear from the following adjudication of

HENDERSON, J., Auditing Judge.—The decedent died on October 3, 1929, intestate, leaving, as appears by the petition for distribution hereto attached, as her next of kin her husband, Valentino D'Allessandro, and eleven minor children, whose names are set forth in the petition for distribution.

Letters of administration were granted to the accountant October 19, 1929; proof of advertisement of the granting of letters was submitted to me and is attached.

Claim was presented by Mr. Archbald for a balance due by the decedent as the executrix of the estate of Fortunato Coccia, deceased, in the sum of $4674.60. It appears that the decedent had filed her account in that estate in her lifetime; thereafter, a will contest ensued and the will was declared a forgery. Her account was audited after her death and in the adjudication thereon she was charged with the sum of $5926.87, on account of which there has since been recovered the sum of $1252.27, leaving due the above amount of $4674.60 for which claim has been presented.

The account contains an item for funeral expenses of $859 and for tombstone of $110. Mr. Archbald objected to these items because, as he claimed, they were not in keeping with the decedent's station in life and the size of her estate. It appears that the decedent was the wife of an Italian laborer and that her entire estate was a bank account in the amount of $1200, which is the fund accounted for. Ordinarily, the husband would be liable for these expenses, but he testified that he had nothing and was unable to pay these bills.

It further appeared that in her lifetime the decedent told her husband that she had this money in bank and she wanted him to expend all of it for her funeral. The husband claims that he did not know of this outstanding surcharge against the decedent and that he made the funeral arrangements in accordance with her instructions and in good faith.

Where no creditors are involved, the decedent may direct an expensive funeral, but if an accountant carries out such a direction, he does so at his own peril and takes the risk of the claims of unknown creditors being presented. Under all the circumstances, I have reached the conclusion that an allowance of $350 for funeral expenses will be fair and equitable, together with an award of $110 to cover the cost of the tombstone. This last item is regarded in this county as an administrative expense.

Cases have been cited from other counties where it is not so regarded, but they are not authority with us. Accordingly, the accountant will be surcharged with the sum of $509.

*Abraham Friedman*, for exceptant; *Robert W. Archbald, Jr.*, contra.

PER CURIAM, November 20, 1931.—Whether or not the learned Auditing Judge erred in receiving and considering, under objection, the testimony of the surviving husband as to the amount to be expended for the funeral, or in declining to hear testimony as to the usage and customs supposed to apply to funerals of persons of the nationality described, need not be dwelt upon as in neither case have specific exceptions been filed to such rulings, and the matters are thus not properly before us. In Crosetti's Estate, 13 Dist. R. 431, Judge Hanna, speaking for the court, said:

"It should be stated, however, this testimony was objected to by the executors of the deceased husband as incompetent by reason of the interest of the daughter and her husband, but admitted by the auditing judge subject to the objection. But this does not appear to be a subject of exception, and, consequently, the competency of the witnesses need not be considered."

In the instant case, the learned Auditing Judge gave full weight to what he deemed pertinent and relevant facts, and allowed what in our opinion is a liberal sum not only for the funeral but also for the erection of a tombstone; and he might well have quoted what was said in Ennis's Estate, 29 Dist. R. 758, affirmed in 76 Pa. Superior Ct. 292, wherein he, himself, enumerates a rule which concisely covers not only that but all similar cases: "The fact that the things furnished were billed at a reasonable price does not justify the claimant. He must be guided fundamentally by the station in life of the decedent and the size of the estate. The things furnished must not only be reasonable in price but reasonably necessary, considering the station in life and estate."

We have given the record as made thorough consideration and are one in opinion that the adjudication should be upheld. See Ennis's Estate, *supra;* Ferry's Estate, 25 Dist. R. 302; Gillett's Estate, 24 Dist. R. 244; Loughrey's Estate, 21 Dist. R. 180, and citations therein contained.

All exceptions are accordingly dismissed and the adjudication is confirmed absolutely.