## Mizishko's Estate

*M. H. Jenkins*, for petitioner.

GANGLOFF, P. J., November 2, 1936.—George Mizishko died testate on September 9, 1936, and his will, dated August 31, 1936, duly probated, provides, among other things:

"It is understood that the insurance policy I have with the Home Life Insurance Company be paid over to my

son George Jr., at the time of my death, but the funeral expenses are to be deducted from the receipts of said policy in the sum of $1000.00".

The original beneficiary in the above policy was the wife of the insured. She died in 1935. According to the testimony heard, the day before the date on which decedent made his will he executed the necessary papers to make his minor son, George, the beneficiary of the insurance policy. The insurance company thereupon changed the beneficiary to George, and after the death of the insured it paid the proceeds of the policy to the Schuylkill Trust Company, Pottsville, guardian of the beneficiary. This guardian now presents a petition to the court asking for authority to use $958.09 of this insurance fund to pay the funeral expenses and certain debts of decedent, a schedule of which is made part of the petition. The minor is 19 years of age and joins in the petition. Petitioner alleges that decedent left no estate whatever, and also refers to the above-quoted provision contained in his will as authority for affirmative action on the petition. In addition, two disinterested witnesses who were present when decedent executed his will and who were named in the will as executors thereof testified that decedent stated at that time that his funeral expenses and debts were to be paid out of the proceeds of insurance he gave to his son, George, and he instructed the scrivener to include these instructions in his will. As a result the scrivener inserted in the will the clause above quoted.

Upon the death of the insured, the proceeds of the policy became payable to the named beneficiary. The insured could not change the beneficiary by merely inserting a provision in his will; to make a change in the beneficiary it was necessary for him to follow the terms of the contract of insurance and the rules of the insurance company; this he did not do: Vollman's Appeal, 92 Pa. 50; Grant v. Faires, Exec., 253 Pa. 232; Bell v. Police Beneficiary Assn. et al., 270 Pa. 407; Sproat v. Travelers Ins. Co., 289 Pa. 351; Downing v. Downing, 82 Pa. Superior

Ct. 220; Coffey v. The Maccabees, 91 Pa. Superior Ct. 136; Stoll et al. v. Boyle, 116 Pa. Superior Ct. 64; Irlbacher's Estate, 62 Pitts. 57.

The Act of June 28, 1923, P. L. 884, exempts the proceeds of a life insurance policy payable to a child of the insured from all claims of creditors of the insured. Funeral expenses and medical services are debts: See section 13(*a*) of the Fiduciaries Act of June 7, 1917, P. L. 447.

A minor's estate cannot be used to pay debts of his deceased father, notwithstanding the father left no estate: Sibilia's Estate, 279 Pa. 459. There is ample statutory authority to pay for a minor's maintenance and support out of his estate in the hands of his guardian: See section 59(*i*) of the Fiduciaries Act of 1917, supra. There is also statutory authority to pay his debts and funeral expenses upon his decease: See Act of June 12, 1931, P. L. 556. However, we know of no statutory authority, and none has been cited to us, which would permit this court to enter a decree directing the guardian of the minor to pay the debts or the funeral expenses of the deceased father of the minor. The poor laws of this Commonwealth do place certain legal obligations upon not only the parent but also upon the child, but these obligations are primarily for support and maintenance. The poor laws would have no application to the case at bar.

Payment of the funeral expenses and debts of the deceased father out of a minor child's estate could not be awarded upon the ground of public policy and common decency; there must be something more than considerations of sentiment and humanity: See Sibilia's Estate, supra. The Orphans' Court of Philadelphia County has uniformly held that in the absence of statutory authority a minor's estate is not liable for funeral expenses of a deceased parent: Pietrazko's Estate, 11 D. & C. 521; Heller's Estate, 22 D. & C. 649. On the other hand, we have conclusions that are just the opposite in VanNess'

Estate, 66 Pitts. 814 (Allegheny County), and Shelley's Estate, 21 D. & C. 168 (Dauphin County).

It seems quite clear from the foregoing that there is no statutory authority for payment of debts or funeral expenses of a deceased parent out of the estate of a minor child, and furthermore it appears that payment cannot be authorized upon the grounds of public policy or common decency. However, another question arises in the case at bar, and that is whether or not the beneficiary received the proceeds of the life insurance policy impressed with a trust.

We mentioned that the insured could not change the beneficiary by will. As a matter of fact he did not attempt to change the beneficiary, but, on the other hand, it is also quite clear that the insured, not only in his will but in statements made to individuals present at the time he made his will, indicated that the proceeds of the policy were to be used as far as need be in payment of his funeral expenses. The testimony leaves some doubt as to whether he intended to include all of his debts, but both the will and the testimony clearly show that he intended his funeral expenses to be paid out of the insurance proceeds.

When decedent made these declarations and when he executed his will, the interest of his minor son as beneficiary named in the policy was a mere expectancy with no vested right or interest: Knoche, Admr., v. Mutual Life Ins. Co. of N. Y., 317 Pa. 370; Buechley's Estate, 26 D. & C. 47. The insured retained the right to change the beneficiary. He did not exercise this right, but he did attempt to say how the proceeds were to be used.

The beneficiary was not present when his father made his will, but a trust can be created without notice to or acceptance by the trustee: A. L. I. Restatement of the Law of Trusts, §35. The facts under consideration resemble very closely those existing in Carter v. Carter, 321 Pa. 391, and in Donithen v. Independent Order of Foresters, 209 Pa. 170, cited in Carter v. Carter. Both of these cases involve proceeds of insurance policies. In each case

the beneficiary named in the policy received the proceeds. In one case the insured had made statements to others than the beneficiary as to how the money was to be used, and in the other case the insured had written a letter to the beneficiary telling him therein how the money was to be distributed. This letter was found among the effects of the insured after his death. In neither case had the insured in his lifetime notified the beneficiary as to how the proceeds of the policies were to be distributed. In each case the beneficiary claimed the entire proceeds and in each case the Supreme Court held that the proceeds paid to the beneficiary were impressed with a trust and that the beneficiary took the fund impressed with this trust. A compliance with instructions of the insured was decreed in each case. There may be situations in which the terms of an alleged trust, in an insurance case, are not clear, as in Brubaker et al. v. Lauver et al., 322 Pa. 461. Of course, in such case the fund is not impressed with the trust. In the case at bar the terms of the trust are clearly stated in writing. Decedent states in his will that his funeral expenses are to be deducted from the proceeds of the policy. There can be no doubt as to the meaning of his words. Besides he made statements to the same effect to two men whom he named as executors of his will. Whether he indicated that his debts other than funeral expenses were to be included is not clear. Certainly he said nothing about other debts in his will. As there is no doubt about his directions in the will, we conclude that his language there, along with the testimony of the two witnesses to the same effect, limits the field to funeral expenses only.

Therefore, the beneficiary of the $1,000 insurance policy took the proceeds of the policy impressed with the trust declared by the insured, namely, that his funeral expenses are to be paid out of these proceeds. The beneficiary being a minor, it naturally follows that the guardian must act for him.

From G. Harold Watkins, Frackville.