## Lamb's Estate

*James Marsh,* of *Marsh, Spaeder, Himebaugh & Baur,* for petitioner.

WAITE, P. J., July 30, 1937.—This matter is before the court on petition of Edwin W. Wolf, guardian of the estate of Elsie Anna Lamb, a minor, 17 years of age, to pay the balance of the funeral expenses and the doctor bills incident to the last illness of her father, Joseph B. Lamb, who died intestate the early part of 1937 leaving as his only heir the said minor. The estate of the minor consists of the balance of the proceeds of an insurance policy on the father's life amounting to $950, eight ad-

justed service bonds of the value of $400, and a 1926 automobile. The last two items comprised the father's entire estate and were set aside to the minor as her child's exemption from the father's estate. The total amount of the funeral expenses is $443.50 which includes the cost of a lot in the Erie Cemetery amounting to $75. Upon this bill $175 has been paid by the County Commissioners of Erie County and the United States Government leaving the balance unpaid of $268.50. The doctor bills, incurred for the father during his last illness, include one in favor of Dr. John F. Hartman amounting to $21 and another in favor of Dr. C. H. Lefever amounting to $5. Both the guardian and the minor are desirous of paying the above bills and the minor has joined in the petition with the guardian for authority so to do.

Upon the above facts the only question before us for decision is whether the guardian of the minor may be authorized by the court to pay the funeral and doctor bills of the minor's deceased father. We have been able to find no appellate court decisions directly in point. In Sibilia's Estate, 82 Pa. Superior Ct. 67, affirmed in 279 Pa. 459, where the fund in the guardian's hands was derived as damages paid for an accident which caused the father's death, the petition of a volunteer, who paid some necessary expenses of the father during his lifetime, for allowance of his claim out of the minor's estate was refused. In Bair v. Robinson et ux., 108 Pa. 249, construing the Married Woman's Act of April 11, 1848, P. L. 536, on the question of payment of the funeral expenses of a mother by her daughter, of whose family the mother was a member, as one of the "necessaries" provided for by the act, Mr. Justice Gordon, after commenting on the necessity of the burial of the deceased and the payment therefor, said: "Common decency as well as health and comfort require this." In Van Ness' Estate, 66 Pitts. 814, it was held that the funeral expenses of a deceased father should be paid out of the minor's estate where it appeared that the minor's estate consisted of the proceeds of an

insurance policy on the life of the deceased parent of sufficient amount to meet this expense. In that case Judge Miller, commenting upon the case of Bair v. Robinson, supra, said: "If a child over age is compelled under the foregoing decision to pay for the funeral expenses of a parent's member of the family, there can be found no reason why a minor's estate in which the same duty arises should not be authorized to perform this duty." In Roskop's Estate, 16 D. & C. 330, where the entire estate of the minor consisted of compensation paid by the Pennsylvania Railroad on account of the death of her husband amounting to $2,286.83, being the present commuted value of the compensation payable to her, the court directed an allowance from the estate for the payment of the husband's funeral expenses. In Davis' Estate, 77 Pitts. 494, a guardian's petition for allowance for funeral expenses from a minor's estate for the burial of her husband was allowed where the husband was insured and the proceeds of his insurance were paid to her guardian.

In the instant case the amount of the funeral and doctor bills are commensurate with the station in life of the deceased and should be paid. In view of the fact that the minor's estate is made up entirely out of the proceeds of an insurance upon the father's life and her child's exemption, which exhausted the father's entire estate, we are of opinion that the prayer of this petition should be granted, particularly since the minor herself joins in the petition.

And now, to wit, July 30, 1937, it is ordered and decreed that the guardian pay the following bills, to wit: Chester C. Schaal, balance funeral expenses, amounting to $268.50; Dr. John F. Hartman, medical services, amounting to $21, and Dr. C. H. Lefever, medical services, amounting to $5.

NOTE.—A contrary result was reached by the Orphans' Court of Philadelphia County under similar circumstances, in Estate of Nellie Holiny, no. 3025 of 1937, decided on March 2, 1938, on the authority of Pietrazko's Estate, 11 D. & C. 521, Heller's Estate, 22 D. & C. 649, and Hollenback's Estate, 11 D. & C. 352.