Opinion by
 

 Stadtfeld, J.,
 

 This opinion, following reargument of the case before this court, is filed in lieu of the opinion filed April 18, 1941.
 

 A suit in assumpsit was instituted to recover from a decedent’s estate a funeral bill. From the statement of claim and the evidence, the following facts appear: Ralph F. Dorris died on June 27, 1939. For twenty-six years prior to his death, his wife was separated from him, living in Wilmington, Delaware. For at least six years prior to his death, Ralph F. Dorris was living with
 
 *54
 
 one Ida Schultz as husband and wife, she helping him in the management and operation of a taproom at 4060 Market Street, Philadelphia, Pennsylvania.
 

 On the night of Jime 27, 1939, Ida Schultz, who was also known as Ida L. Dorris, in writing, ordered from the plaintiff a funeral totaling $875. On the night of June 29, 1939, Margaret Marian Dorris, the legal wife of the decedent, appeared at the funeral parlor of the undertaker’s establishment and stated to Mr. Steimle, the secretary of the plaintiff corporation, that she was the legal wife, exhibiting her marriage certificate. When told that the arrangements for the funeral had been made and asked whether she wanted to take over the liability, she said that she would not take over the liability, that it was an estate debt and she had nothing to do with it. She also said, “I am taking charge here.” Subsequent to the funeral, letters of administration were granted by the Register of Wills of Philadelphia County to Margaret Marian Dorris, the legal wife.
 

 The case was tried before Bonniwbll, J., without a jury, who found for the plaintiff and filed a written opinion containing findings of fact. The administratrix did not file a motion for a new trial but did file a motion for judgment n. o. v. This motion was overruled and judgment was entered on the finding of the court in favor of the plaintiff. This appeal followed.
 

 The findings by a trial judge without a jury, if supported by legally competent evidence, are as binding as the verdict of a jury.^ The testimony in this case must be viewed in a light most advantageous to the plaintiff, and it must be given the benefit of every inference reasonably deduced from the evidence:
 
 Carter v. Pittsburgh Rys. Co.,
 
 327 Pa. 586, 194 A. 900.
 

 The trial judge, in his opinion, found that the defendant for many years prior to the death of her husband, did not live with him but resided in Wilmington, Delaware, and that for many years prior to the death of Ralph F. Dorris, he was conducting a taproom at 4060
 
 *55
 
 Market Street, Philadelphia, and one Ida Schultz was operating it for him and living with him in the relationship of husband and wife and was held out as his wife. That after the death of Ralph F. Dorris, Ida Schultz, in writing, ordered the funeral totaling $875, and that on the night before the funeral, the legal wife appeared at the undertaker’s establishment and advised Mr. Steimle, the secretary of the plaintiff corporation, that she was the wife. He further found that letters of administration were granted to Margaret Marian Dorris and that thereafter she transferred to Ida Schultz, also known as Ida L. Dorris, all the fixtures, equipment, merchandise and goodwill including the liquor license of premises at 4060 Market Street, Philadelphia, which belonged to the estate.
 

 The trial judge also found: “Margaret Marian Dorris did not repudiate the contract entered into by Ida Schultz either at the time of the funeral or subsequently when she was appointed administratrix, or later when she transferred the liquor license and equipment of the taproom to Ida Schultz.”
 

 In
 
 Hodge v. Cameron, Exr.,
 
 132 Pa. Superior Ct. 1, 200 A. 238, this court, in reviewing the relative right of burial, said: “ ‘Under the statute in Pennsylvania the right to administration belongs first to the surviving husband or widow. To such survivor, therefore, belongs the right of control of the body for interment, and a waiver of the right to administer will not include a waiver of such right of control unless it be express and absolute. In the exigencies of business and the interest of the estate it is not infrequently desirable that a stranger, or even a creditor should administer,
 
 but no court would sanction a disregard by such an administrator of the wishes of a widow or even of the next of kin, as to the place and manner of burial......’
 

 Upon reargument of the case before this court, and after a careful review of the testimony it is our opinion that the finding of the lower court and entering judg
 
 *56
 
 ment. in favor of plaintiff are not justified in the light of the testimony: of. Frederick A. Steimle, secretary of plaintiff company: “Q. What did you do when.she (Margaret Marian Dorris) showed the paper (marriage license ) ? A. I said, ‘We have the arrangements made; do you want to take oyer the liability?’ She said, ‘No’, it was the estate debt, she had ¡nothing to do with it.” There is, moreover, no basis for the finding of the court below that Mr. Steimle, the secretary of the plaintiff corporation, presented to Margaret Marian Dorris the written order or contract signed by Ida L, Dorris. Although one question relating to the presence of Ida L. Dorris at the funeral parlor on the night of Margaret Marian Dorris’ presence there, was put to Mr. Steimle when testifying, and assumed the presentation of the contract, there is no direct testimony that such presentation had in fact been made. It likewise appears that at the time Margaret Marian Dorris was engaged in the conversation with Mr. Steimle pertaining to the funeral arrangements, she had not as yet been appointed administratrix of her deceased husband’s estate. We are of the opinion that there was no basis for the conclusion of the court below that Margaret Marian Dorris, either in her individual capacity or as administratrix of the estate of her deceased husband, acquiesced in, ratified or adopted the contract entered into between Ida L. Dorris (Ida Schultz) and the plaintiff corporation. The express contract was binding only upon the parties who entered into it and not upon the estate of the deceased.
 

 In
 
 Hodge v. Cameron,
 
 supra, we quoted from
 
 Ennis’ Estate,
 
 76 Pa. Superior Ct. 292, 294, as follows: “ ‘Where an undertaker contracts with the executor of a decedent’s will, he may, ordinarily, hold such person liable for the amount of. his bill, and the responsibility for the reasonableness of the charges is transferred to the legal representative who must satisfy the parties interested in the estate and the court in that respect; but where he proceeds at the direction of one without
 
 *57
 
 authority to contract for and hind the estate, the law implies a contract on behalf of an executor having assets sufficient for the purpose only to the extent of a funeral suitable to the station in life of the decedent as well as not disproportionate to ‘ the size of: the estate.’ ”
 

 We do not think, that under the circumstancés, there was an officious interference by Ida Schultz in making the arrangements for the funeral, but the estate is not bound by any
 
 express
 
 contract on her part as to the amount to be paid plaintiff for the services rendered.
 

 The opinion heretofore filed is vacated and judgment is reversed with leave to plaintiff to amend its statement and predicate a right of recovery on a quantum meruit.