IN RE ESTATE OF BACKUS.

(No. 1930—Decided September 20, 1943.)

*Mr. Forrest B. Ashcraft,* for appellant.

*Mr. Robert McDongle, Mr. R. W. Noll* and *Mr. Charles L. Flory,* for appellees.

SHERICK, J.   Carl H. Backus, a freight train conductor in the employ of The Baltimore & Ohio Railroad Company, was killed in the course of his employment on the 15th day of April, 1942.   Mary Backus, his widow, as executrix, procured a settlement with the company in the sum of $8,000, of which the Probate Court of Licking county approved.

Thereafter, the widow applied to the same court for an order of distribution. She alleged that the decedent was survived by two sons, each over 30 years of age, but that she is the only one who suffered any pecuniary loss by reason of decedent's death. The two sons join in a similar application and therein admit their majority.

The applications thereafter came on to be heard. It was decided that Section 10509-168, General Code, was controlling; that a fair and just application required that each son was entitled to receive the sum of $800; and that the balance of $6,400 was due the widow. From this order both the widow and sons appeal

The widow complains that the trial court erred in four respects, all of which sum up to the one claim that the court erred as a matter of law in not awarding her the entire sum and in giving the sons any part thereof. The sons maintain that the court erred in not granting them a larger portion. They urge that distribution must be made under the Ohio law, that is, Sections 10509-167 and 10509-168, General Code. The widow with equal vigor maintains that the court was bound but failed to follow the provisions of the Federal Employers' Liability Act, found in Title 45, Chapter 2, Section 51, U. S. Code, for the reason that the railroad company, being engaged in interstate commerce, was only amenable to the Federal Employers' Liability Act and not liable under the state Workmen's Compensation Act.

It is noted that Section 56 of the federal act provides for concurrent jurisdiction of wrongful death cases in both the federal and state courts. It is also pertinent to point out that only the state statute, Section 10509-167, General Code, contemplates that settlements in Probate Courts may be made before suits

are commenced, as was done in the matter under review.

The record displays, let us say, two negative facts. First, it was not proved that the railroad company was engaged in interstate commerce. It is left to inference that such is so. It is perhaps a reasonable inference deductible therefrom. Second, the sons, adhering to their view that the state statutes only were applicable, offered no proof of pecuniary loss, that is, any pecuniary benefit from a continuation of the decedent's life. They rather bottom their right of participation on their father's failure to pay an alimony award made to their mother, and his failure to support and maintain them during their infancy. The manner and mode of proof offered and received savors of the claim of a debt due them rather than of a reasonable expectancy of pecuniary benefits which they would have received from him had their father lived. As we see it the sons made no proof of pecuniary loss. They say such is not necessary under the state law, and that the court had discretionary power, under Section 10509-168, General Code, to make distribution among beneficiaries in such manner as may be "fair and equitable." If this view be sound then their appeal stands emasculated. Neither their dissatisfaction nor this court's power warrants or permits the substitution of a different distribution.

As we see it, three questions require our consideration. Does the federal act apply? We think it does. If this were a non-employer-employee wrongful death controversy then clearly the state law would apply, but when the Legislature adopted the Workmen's Compensation Act it contemplated the abolition of common-law actions for wrongful death with all their attendant defenses, and created a cause of action and a remedy in its stead for those in employment within the

state.  Congress, on the other hand, under its powers to regulate interstate commerce, supplied an omission and provided for those who labored not only within but without and between the several states  The federal act had a like purpose and intent as the state act in its scope.

The fact that action against those engaged in interstate commerce may be commenced in state courts simply increased the forums within which such actions might be brought.  This provision for concurrent jurisdiction was for the convenience of the beneficiaries of killed employees.  The damages recoverable from those engaged in interstate commerce therefore springs and flows from the federal act.  Congress therefore had the right to direct how compensation paid by those engaged in interstate commerce should be distributed among beneficiaries.  State courts apportioning such funds must be governed by federal direction.  The annotations under the federal act disclose many adjudications supporting this rule.  The fact that here is a settlement without suit, even though the federal act does not contemplate such, cannot change the rule.

The second query is: Does the federal act require that a beneficiary must sustain a pecuniary loss before he is entitled to participate in any such settlement or judgment obtained?  The answer is yes.

We choose to cite but one authority.  In *Railway Co.* v. *McGinnis,* 228 U. S., 173, 57 L. Ed., 785, 33 S. Ct., 426, the Supreme Court of the United States in interpreting the federal statutes now in question had this to say:

"The recovery under the Federal Employers' Liability Act of April 22, 1908, for the death of a railway employee while engaged in interstate commerce, must be limited to compensating those relatives for whose

benefit the administrator sues as are shown to have sustained some pecuniary loss; and a surviving child not dependent upon the decedent, and with no reasonable expectation of any pecuniary benefit from the continuation of the decedent's life, can have no share in such recovery."

The third question in view of our conclusion is hardly necessary. It is in fact purely *obiter*. But since this court in *Bevan* v. *Century Realty Co.*, 64 Ohio App., 58, 65, 27 N. E. (2d), 777, has adopted the rule of the necessity of showing a pecuniary loss before one has a right to a distributive share of a wrongful death award under the state statutes, it follows that if the state act applied in this case, our judgment would be the same.

It follows that it is the judgment of this court that the Probate Court was without discretion under the state of the record. It erred as a matter of law in permitting the adult sons to participate in the settlement. Its judgment is reversed and the cause is remanded with instruction to order distribution in conformity with this finding.

*Judgment reversed.*

MONTGOMERY, P. J., and PUTNAM, J., concur.