## Webb et al. v. Webb

*Scales, Loughran & Shaw*, for plaintiffs.
*Marker & Rial* and *Carroll Caruthers*, for defendant.

LAIRD, P. J., November 23, 1948.—The bill in equity filed in this case asks for an accounting of a fund of $10,000 received by defendant, Sadie Webb, in settlement of a claim for damages arising out of the fatal injury to her husband, Harry Webb, while he was engaged in interstate commerce. Plaintiffs are children of Harry Webb and were minors at the date of his death.

Testimony was taken on the merits of the case and defendant made a motion to dismiss the bill of complaint for the reason that the common pleas court, sitting in equity, has no jurisdiction and that the exclusive jurisdiction is in the orphans' court.

### Findings of Fact

1. Defendant, Sadie Webb, as administratrix of the estate of Harry Webb, deceased, did on March 20,

1939, settle for $10,000 her claim, as such administratrix, against the Pennsylvania Railroad Company by reason of the death of Harry Webb while engaged in interstate commerce on said railroad.

2. The nearest relatives of Harry Webb at the time of his death were his widow, Sadie Webb, defendant herein, and his three children, all of whom were minors, namely, Jean Katherine Webb, Shirley Webb Burnworth and Carl Webb. Jean and Shirley are stepchildren of defendant.

3. Said settlement was made without the consent or direction of any court and was made without any apportionment between those entitled to damages, and the widow, Sadie Webb, has retained the whole fund.

4. Jean Katherine Webb was born on February 14, 1923, and was 15 years of age at the death, on October 31, 1938, of her father, Harry Webb. She was living with and was being supported by her father, and was attending school. The only evidence of the value of this support was the testimony of Jean Katherine Webb, who estimated that her father spent $35 per month for her for clothing and spending money and the testimony of Sadie Webb that she charged Jean Webb $10 per week for support after Jean became self supporting in June 1941.

5. Shirley Webb Burnworth was born May 7, 1921, and in 1923 went to live with her aunt in or near Uniontown, Pa. She lived with the aunt until she was married and was not supported by Harry Webb and the evidence does not show that she suffered any pecuniary loss by reason of the death of her father.

6. Sadie Webb, defendant, has paid approximately $1,000 out of the $10,000 recovery, for burial expenses and attorneys' fees and has obligated herself for an additional attorneys' fees of $800.

7. After the death of Harry Webb, Sadie Webb supported herself, her son Carl Webb, and her step-

daughter, Jean Katherine Webb, until June 11, 1941, when Jean became self supporting and paid to her stepmother $10 per week for her support. The cost for supporting this group of three until June 1941 was about $1,000 per year as shown by the testimony of Sadie Webb. On that testimony the support furnished Jean Katherine Webb would be valued at about $900.

8. The testimony shows that Jean Katherine Webb did not receive the same support which she received during her father's lifetime due to the fact that the widow, Sadie Webb, had limited funds to spend for that purpose. Jean suffered a pecuniary loss of approximately $35 per month until she was 21 years of age or a total of approximately $2,200. Against this sum she has already received support from the fund in question of about $900.

9. There was no evidence produced by defendant to show her life expectancy nor any facts from which the court could determine the amount of her pecuniary loss by reason of the death of her husband.

10. Decedent, Harry Webb, left practically no personal or real property, which would be shared in by plaintiffs herein, and if the fund in question had been administered as part of his estate, Jean Katherine Webb would have received not more than $1,800, and the recovery herein should be guided but not controlled by that figure.

### Discussion

The fund of $10,000 received by defendant, Sadie Webb, was obtained by settlement of a claim arising under the provisions of the Act of April 22, 1908, 35 Stat. at L. 65, 45 U. S. C. §51, et seq.:

"Liability of common carriers by railroad . . . for injuries to employees from negligence . . .:—Every common carrier by railroad while engaging in commerce between any of the several states or territories,

. . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee. . . ."

This fund did not become part of the assets of decedent's estate, was not subject to decedent's debts and was not distributable under the intestacy statute of Pennsylvania. The fund is held by the personal representative as statutory trustee for the sole benefit of the beneficiaries under the Federal act. The orphans' court does not have exclusive jurisdiction to apportion this fund as it is not in the hands of the administratrix as part of decedent's estate. A succeeding administrator could not compel an accounting of this fund by the personal representative who has recovered under this act: Friedman v. McHugh, 168 F. (2d) 350 (C. C. A. 1948). The right under which such recovery is made is a new right which decedent did not have in his lifetime: Sibilia's Estate, 279 Pa. 459. The motion to dismiss the bill of complaint for want of jurisdiction of the court of common pleas, sitting in equity, should be dismissed: Schwartz v. Schwartz, 316 Pa. 318; Roseberry's Estate, 317 Pa. 45.

Apportionment must be by Federal direction notwithstanding the fact that settlement was made without suit: In re Backus Estate, 73 Ohio App. 262, 55 N. E. (2d) 811 (1943). The apportionment must be made between the beneficiaries as their interest would have appeared at a trial by jury.

Under the Federal Employers' Liability Act, the possible beneficiaries in this case are the widow and children of Harry Webb. In a case where damages are awarded by a jury, the jury could apportion the fund among those entitled: Haidacker v. Central R. Co. of

New Jersey et al., 52 F. Supp. 713 (1943). It was said in that case that the most the court can do is make a good guess based on the evidence.

The recovery of minor children of deceased employe is limited to their loss only until reaching the age of 21 years: Tumolo v. Reading Co., 52 F. Supp. 956 (1943). The amount of damages recoverable by a widow and dependent children does not include any sum for loss of companionship or advice, but is limited strictly to the amount of pecuniary assistance or support, which the beneficiaries had reason to expect from decedent: Louisville & N. R. Co. v. Stephens, 298 Ky. 328, 182 S. W. (2d) 447 (1944), and many cases cited in 45 U. S. C., §51, note 877.

A compromise and settlement of a claim under the Federal act without the approval of a court is not contemplated by the act, but is permissible. In such a case the duty of the court is to make the apportionment according to the proof of loss by each beneficiary.

In the present case, the child, Shirley Webb Burnworth, has shown no loss of money or support, which she might reasonably have expected from decedent, and therefore is not entitled to share in the apportionment.

The other plaintiff, Jean Katherine Webb, has shown a pecuniary loss of assistance and support, which under the evidence produced in this case should be calculated at not less than $35 per month. She would be entitled to this support and assistance until she was 21 years of age, or about $2,200. Against this defendant should be allowed a credit of $900.

However, when the court attempts to find the ratio of this loss to that of the widow, no evidence appears from which the widow's loss might be found.

In such circumstances we deem it proper to take as a guide the division of a decedent's estate by the legislature under the intestacy laws as was done in

Sibilia's Estate, supra. On this basis, allowing for the pecuniary loss to the widow of the burial expenses and expenses of the recovery of the fund, but not decedent's debts, the share of Jean Katherine Webb would not exceed $1,800. We are, therefore, of opinion that the share of this plaintiff should be charged with advances in the way of support made to her by defendant in the sum of $900, and that this plaintiff, Jean Katherine Webb, should be awarded $900 as her share of damages represented by the settlement.

### Conclusions of Law

1. The fund in question is distributable under the provisions of the Federal Employers' Liability Act, 45 U. S. C. §51 et seq. and not under the laws of succession of Pennsylvania.

2. The fund is not a part of the general assets of decedent's estate nor subject to his debts.

3. The motion to dismiss the bill for lack of jurisdiction should be refused.

4. The fund must be apportioned according to the pecuniary loss suffered by the widow and surviving children until the latter reach the age of 21 years.

5. Plaintiff Shirley Webb Burnworth has suffered no pecuniary loss by the death of her father and is not entitled to share in the apportionment of the fund in question.

6. Plaintiff Jean Katherine Webb is entitled to share in the funds remaining in the hands of defendant to the extent of $900.

### Decree Nisi

And now, to wit, November 23, 1948, after hearing, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the motion to dismiss the bill of complaint be and the same hereby is refused; the said Jean Katherine Webb, one

of the plaintiffs, be and she is hereby awarded the sum of $900 to be paid by defendant, Sadie Webb, in full satisfaction of the balance due said plaintiff as her share in the apportionment of damages recovered by defendant by reason of the death of Harry Webb, and the bill of complaint be and the same hereby is dismissed as to plaintiff Shirley Webb Burnworth; the costs of this proceeding to be paid by defendant. This decree nisi shall become absolute in 10 days if no exceptions are filed thereto.