## Steen Estate

*Daniel E. Beren*, for accountant.

*Thomas E. Waters* and *Waters, Cooper & Gallager*, for claimants.

TAXIS, P. J., March 8, 1961.—The estate was appraised as insolvent. . . .

Helweg & Son presented a claim for funeral expenses in the amount of $1,055, which represents the total cost of the funeral, $1,310, less the Social Security death benefit of $255. The practice of this court has been to allow a funeral bill of not more than $400 in insolvent estates (Mensch Estate, 13 D. & C. 2d 715), especially where, as here, the individual claims of other creditors are not of sufficient amount to warrant the cost of employing counsel to appear at the audit and oppose the undertaker's claim. This poses two questions: First, should the Social Security benefit, $255, reduce the $400 amount allowed for funeral expenses in an insolvent estate, or should the $400 allowance from the estate be in addition to the Social Security benefit? Second, does the undertaker have a general claim against the estate for the balance of the funeral expenses in excess of the amount allowed as a preference?

This court, since the adjudication in Anhorn Estate, 6 D. & C. 2d 54, has limited to $400 the funeral expenses allowed in an insolvent estate. If the surviving spouse in the present case receives the $255 Social Security death benefit and it is not applied to the funeral expensess, the usual $400 should be allowed from the insolvent estate.

However, if the $255 Social Security death benefit has been paid to the undertaker or applied on behalf of funeral expenses, as I assume it has been, then the amount allowed from the insolvent estate should be reduced accordingly to $145. This solution is required by the underlying principles of law and equity and by authority.

Benefits intended to defray the funeral expenses of a decedent must be applied for that purpose to the extent necessary before the estate of the deceased can be resorted to for payment of such expenses: Freed's Estate, 1 D. & C. 308. Thus, in Nuss' Estate, 20 Dist. R. 159, the administrator was surcharged for credits in the account for payment of the funeral expenses out of assets of the estate because he had received benefits for the payment of the funeral expenses, and the assets of the estate were insufficient for the payment of the debts of the estate. Other authorities are in accord: Bennecoff's Estate, 19 Lehigh 237; Crider's Estate, 20 D. & C. 113; Nixon Appeal, 6 W. N. C. 496. See also 3 Hunter Pa. Orphans' Court Commonplace Book, Insurance, §2(c), and Fiduciary Review, April 1940, p. 4.

There are then two limitations upon this estate's liability for funeral expenses: First, the funeral bill itself is limited to $400 insofar as the insolvent estate is concerned; second, the estate is only liable for that part of the $400 bill not paid by funeral benefits. Applying these limitations to the present case, the claim

of the funeral director is allowed in the amount of $145 as aforesaid.

The second question is also answered by authority. Funeral expenses are not a debt due from decedent, but a charge which the law imposes upon his estate: Sobolak Estate, 10 Fiduc. Rep. 161: Gobrecht's Estate, 47 D. & C. 134. Therefore, an undertaker may recover from the estate only to the extent of a funeral suitable to the station in life of decedent as well as not disproportionate to the size of the estate: Ennis Estate, 76 Pa. Superior Ct. 292; Nowacki Estate, 9 Fiduc. Rep. 527. In the present case, decedent died possessed of $1,694.02, composed of a bank account of $922.52, cash on person of $1.50, 1953 Ford auto $240, and household furniture $530.

In Bracken Estate, 9 Fiduc. Rep. 49, this court, after limiting the preference allowed for funeral expenses from an insolvent estate to $400, permitted the funeral director to share pro rata as a general claimant in the balance for distribution. However, the auditing judge believes that Bracken Estate should be strictly limited to the peculiar facts there involved. It should be noted that there were no general claims other than claims for funeral expenses, and cost of gravemarker and burial lot which were not allowed as a preference.

The general rule, therefore, is that the undertaker does not have a general claim against an insolvent estate for the balance of the funeral expenses in excess of the amount allowed as a preference. This is in accord with prior rulings of this court. Gianioylou Estate, 72 Montg. 517: "The estate being insolvent, its liability for funeral expenses is limited to $400, and the executrix is surcharged with the balance of $362". Nicholson's Estate, 57 D. & C. 181: "It is a policy of this court of long standing to allow not more than $300 [now $400] for funeral expenses out of the estate of an insolvent decedent. For payment of the balance

the undertaker must look to the person who contracted for the funeral." This is in accord also with rulings of courts in other counties. In Sobolak Estate, 10 Fiduc. Rep. 161, the court limited the funeral expenses in a solvent estate, thus demonstrating that a funeral director's claim is limited to a reasonable amount and any excess cannot be collected as either a preferred or general claim. See also Righi Estate, 19 D. & C. 2d 468.

In an insolvent estate, undertakers should make inquiry and keep the funeral expenses reasonably consistent with the estate: Manglaviti Estate, 5 Fiduc. Rep. 163. If the funeral director fails to make such inquiry, the excess of the funeral director's claim over a reasonable amount must be collected from the party contracting for the funeral and not the insolvent estate. The creditors of decedent should not further suffer because someone has negotiated for an unreasonable and disproportionately priced funeral. The creditors of decedent should be protected from both preferred and general claims for such expenses.

Therefore, in the present case, the funeral director does not have a general claim against the insolvent estate for the balance of the funeral expenses in excess of the amount allowed as a preference. . . .

And now, March 8, 1961, this adjudication is confirmed nisi.