## Vranesevich Estate

*Arthur S. Herskovitz*, for widow, petitioner.
*Milton Selkovits*, for claimant.

ROWLEY, *J.*, October 16, 1975—This estate is before us for settlement on petition pursuant to section 3102 of the Decedents, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (No. 164), 20 Pa.C.S. §3102. The dispute is between decedent's mother (claimant), who claims reimbursement for payment of the funeral bill, and decedent's widow and two sons, who are his intestate heirs. We have concluded that the mother's claim must be denied.

It is fundamental that a decedent's funeral expenses are not, strictly speaking, a debt. On the contrary, such expenses are a charge which are imposed by the law, out of decency, on decedent's estate. As a result, therefore, such charges must be reasonable in amount and must not be disproportionate to the size of the estate. Only such an amount as bears a fair and just ratio to the size of decedent's estate and his status in life will be allowed: Sobolak Estate, 21 Beaver 195, 10 Fiduc. Rep. 161 (1960). Also see Ennis's Estate, 76 Pa. Superior Ct. 292 (1921); Zappardino Estate, 33 D. & C. 2d 117 (1964); Steen Estate, 11 Fiduc. Rep. 330 (1961), Nowacki Estate, 9 Fiduc. Rep. 517 (1959), and Caruso Estate, 72 D. & C. 411 (1949).

Decedent, in the case before us, had been separated from his wife and sons for approximately 17 years prior to the time of his death. During that period of time he had resided with his mother, claimant. All of the funeral arrangements were made by his mother and were paid for by her. Claimant concedes, however, that decedent's widow is entitled to the family exemption and that she had not forfeited her right thereto. Decedent's sole asset in this case is pay due him from his employer in the amount of $3,165.50. The amount of the funeral expenses paid by claimant is $3,054.40. However, it also appears that claimant received death benefits from the Veterans Administration, Social Security, and decedent's union local totaling $930. Claimant argues that she should receive the balance for distribution, remaining after payment of the family exemption and the proper administrative expenses. Decedent's heirs, on the other hand, argue that $900 is more than a reasonable amount to allow for funeral expenses considering the size of decedent's estate and his status in life, and since claimant has already received payment in excess of that amount, she should receive no part of the balance for distribution. With this latter contention, we agree.

Obviously, the funeral expenses which are very nearly 100 percent of decedent's gross estate, are far from reasonable. While we need not decide precisely what amount *is* reasonable, under these circumstances, we also are of the opinion that the amount of $900 for funeral expenses would be more than reasonable in this estate. Such an amount is approximately 30 percent of decedent's gross estate and claimant's contention would consume the en-

tire balance for distribution at the expense of decedent's widow and two sons.[1] A similar situation was before the court in Dembicki Estate, 15 Fiduc. Rep. 443 (1965). In that case, the court held that death benefits received by claimant who had paid the funeral expenses, at least equalled, if they did not exceed, an amount which the court believed was reasonable under the circumstances of that case. For that reason the claim for reimbursement of funeral expenses was refused.

In addition, while we recognize that the beneficiary of decedent's life insurance policy cannot be required to use the proceeds thereof for payment of the funeral expenses,[2] we think it is appropriate to note here that claimant received the proceeds, in the amount of $8,500, from a life insurance policy carried by decedent.

For all of these reasons, we make the following

## DECREE

Now, October 16, 1975, the claim of Anna Miokovic for reimbursement of decedent's funeral expenses paid by her is denied. It is further ordered and directed that the Jones and Laughlin Steel Corporation pay the wages due decedent, in the amount of $3,165.50 to his widow, Mary Lou Vranesevich. If no exceptions are filed within ten days, this decree shall become final.

---

1. The record discloses that at the time of his death, decedent was in arrears under a support order for the support of his wife and children.

2. In re Goe's Estate, 19 Beaver 73 (1957).