[No. 15832.  Department Two.  June 25, 1920.]

JESSIE SCHULTZ, *as Administratrix etc., Plaintiff*, v.
WESTERN FARM TRACTOR COMPANY *et al., Defend-
ants*, WILLIAM ROBERT SCHULTZ, *Intervener,
Respondent*, JESSIE SCHULTZ, *Intervener,
Appellant.*[1]

DEATH (13, 14)—PERSONS ENTITLED—DIVISION OF DAMAGES.  The
statute having failed to apportion the damages recoverable by de-
fendants for wrongful death, a division of $1,600 to a widow, and
$650 to a minor son, will not be set aside on the widow's appeal,
in view of the financial condition of the parties and the fact that
the widow, recently married to deceased, received life insurance
and the deceased's back pay, some $2250, and that the son was a
cripple, all of which are proper matters for the consideration of the
court.

PARENT AND CHILD (4-1)—DUTY TO SUPPORT.  The parent's duty
to support a crippled child does not cease at the age of majority,
but continues as long as the necessity exists.

Appeal from an order of the superior court for
Pierce county, Chapman, J., entered September 17,
1919, distributing a fund paid into court in settlement
of an action for wrongful death, after a hearing be-
fore the court.  Affirmed.

*Burkey, O'Brien* and *Burkey,* for appellant.
*F. B. Churchill,* for respondent.

FULLERTON, J.—On August 28, 1918, one Albert W.
Schultz was injured by an automobile driven by an
employee of the Western Farm Tractor Company,
dying from the effects of the injury on the day follow-
ing.  Schultz left surviving him a widow, and a minor
son by a former wife.  The widow was appointed ad-
ministratrix of his estate, and later on began an ac-

[1]Reported in 190 Pac. 1007.

tion against the tractor company in damages as for wrongful death, for the benefit of herself and the minor son. Issue was taken on the complaint, but before the action was brought on for trial, the parties compromised their differences, the tractor company paying into court twenty-two hundred and fifty dollars in settlement of the action. After the payment of the money into court, the parties entitled thereto applied for a distribution of the fund. At the hearing on the application, their claims proved antagonistic, and the court took evidence as to the degrees of dependency of the respective claimants, finally entering an order dividing the fund by giving to the widow sixteen hundred dollars and to the son six hundred and fifty dollars. From the order, the widow appeals.

The statute which gives a right of action for wrongful death (Laws of 1917, p. 495), while providing that such an action may be maintained by the personal representative of the person whose death is wrongfully caused, for the benefit of certain designated relatives of such person, does not in terms prescribe any rule by which the fund is to be apportioned. Seemingly it could be contended with some plausibility that an equal division was intended, or, at least, where, as here, there is a widow and a child entitled to share, the widow's portion could not exceed one-half. But as the case is presented, it is unnecessary to determine the question. The child, who received the minor part, is not complaining and has not appealed.

Meeting the question on the ground chosen by the parties, we see no reason to change the award. At the time of his marriage with the present appellant, Mr. Schultz was well along in years. He had at that time no property whatsoever, but was dependent entirely on his personal labor for his support. The marriage occurred but thirteen months prior to his death, and

there was not that degree of dependency upon him on the part of the wife that usually arises where the marriage relation is long standing and the wife, from the very nature of the relationship, becomes unfit to take up a gainful occupation. Moreover, the wife received his life insurance, some two thousand dollars, and the money he had received as "back pay" for his labors, some two hundred and fifty dollars more. True, the appellant says that these are considerations immaterial to the question in hand, and cites authorities to maintain the position. But an examination of them convinces us they are not in point. One of the inquiries here was the financial condition the parties were left in because of the death, which was not so in the instances cited, and it seems to us clear that the property received by either claimant arising from the death is a proper subject of inquiry.

On the other hand, the son had a substantial claim on his father's bounty. He is a cripple. In his early boyhood, because of some misfortune which had overtaken him, his left arm was amputated at the shoulder. He has but a moderate education and there are, in consequence, but few pursuits open to him by which he can earn a livelihood. From his birth until his early youth he was supported entirely by his father, and from the time he began to do something for his own support, up to the time of his father's marriage with the appellant, if not up to the time of his death, he has been a recipient of a part of his father's somewhat meager wage. This is cut off by the death of his father, and to him it is a serious loss.

The appellant contends that, in any event, the award is too large. She calls attention to the fact that, had the monthly sums the son claims to have received from his father been continued up to the time he would

reach the age of majority, it would not amount to the sum awarded him, and argues that the sum he would have so received is the measure of his loss. But the argument is hardly conclusive. Doubtless the legal duty of a parent to support his normal children ceases at the age of majority, but the rule is not the same with respect to his defective children, whether the defect be mental or physical. To these he owes a continuing obligation of support, which ceases only when the necessity for support ceases.

There was no error in the order and it will stand affirmed.

Holcomb, C. J., Mount, Tolman, and Bridges, JJ., concur.