In the Matter of the Estate of GEORGE NELSON, Deceased.

Surrogate's Court, Westchester County, March 9, 1938.

*Oliver E. Davis* and *Arnold W. Knauth*, for Ethel Martin Nelson, as administratrix, etc.

*Daniel Cashin*, special guardian.

MILLARD, S.  This is an application to compromise a claim for the wrongful death of this decedent and to distribute the proceeds of settlement.

The decedent at the time of his death is alleged to have been an engineer in the employ of Agwilines, Inc., a foreign corporation, upon the steamship *Brazos*, a vessel engaged in interstate commerce. He met his death in the course of his duties while the vessel was being prepared in New York harbor for a voyage to the Gulf of Mexico.  The surviving dependents are his widow and four minor children, one of whom was married and living apart from her family. Limited letters of administration were heretofore issued to the widow, and thereafter an action was instituted in the United States District Court, Southern District of New York, against the owners of the vessel.  An offer of settlement of the cause of action for the alleged wrongful death for the sum of $17,500 has been made.

Ordinarily the distribution of the proceeds of a cause of action for the wrongful death of a decedent domiciled in this State is governed by subdivision 1 of section 83 and section 133 of the Decedent Estate Law.  Since, however, the accident which caused the death of this intestate occurred on a vessel engaged in interstate commerce, the matter is beyond the pale of State legislation. (*Cunard Steamship Co.* v. *Mellon*, 262 U. S. 100, 124; *Southern Pacific Co.* v. *Jensen*, 244 id. 205; *Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 613, 619; affd., 234 N. Y. 626.)  It follows, therefore, that reference must be made to the pertinent United States statutes.  (*Taylor* v. *Taylor*, 232 U. S. 363; *Matter of Uravic*, 142 Misc. 775.)

The pertinent Federal statute is the so-called Jones Act (U. S. Code, tit. 46, § 688).  The accident having occurred within the territorial limits of New York State and not " beyond a marine league from the shore of any State," the so-called " High Seas Act " does not apply.  (U. S. Code, tit. 46, § 761.)  The Jones Act incorporates by reference all of the provisions of the Employers' Liability Act (U. S. Code, tit. 45, § 51), enacted April 22, 1908 (35 U. S. Stat. at Large, chap. 149, § 1), and thereby confers upon a " seaman," or his legal representative, in the case of death, the same right of recovery for injury or death as is accorded to railway employees under said Employers' Liability Act.  Section 762 of the High Seas Act (U. S. Code, tit. 46, § 762) provides as follows:

" § 762. Amount and apportionment of recovery. The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought." (41 U. S. Stat. at Large, 537, chap. 111, § 2.)

The Jones Act and the accompanying Employers' Liability Act contain no equivalent provision as to apportionment, the only pertinent phraseology in the latter act being that it authorizes action by the personal representative " for the benefit of the surviving widow or husband and children of such employee; and if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death." (U. S. Code, tit. 45, § 51.)

Although the petitioner instituted a suit in the United States District Court, the issues were settled and compromised before being reached for trial on the terms hereinabove set forth. The questions now presented to this court are, *first*, the adequacy of the offer, and, *second*, if approved, the apportionment and distribution of the fund. After due deliberation and consideration of all the facts and circumstances and upon the report of the special guardian, I am of the opinion that the offer of settlement is fair and reasonable and the same is approved.

On the matter of apportionment, the first question to be decided is whether this court has any power to fix the respective rights of decedent's dependents or whether such rights should be determined by the court in which the action was instituted. Ordinarily the jurisdiction and power of this court in such proceedings are not questioned, but since recovery in this case is had solely by reason of the provisions of the Federal statutes, resort must be had thereto in determining the apportionment to be made. (*Gulf, Colorado & Santa Fe R. Co.* v. *McGinnis*, 228 U. S. 173, 175, 176.)

The " High Seas Act " (U. S. Code, tit. 46, § 761) specifically provides that the action for damages must be brought " in the District Courts of the United States, in Admiralty." Section 762 provides that the apportionment among the dependents shall be made " by the court." It would seem to follow that the United States District Courts in Admiralty have exclusive jurisdiction to determine the apportionment among dependents of one killed on the high seas. (*Matter of Rademaker*, 166 Misc. 201.) The Employers' Liability Act applicable to the instant case, however, provides that " The jurisdiction of the Courts of the United States under this chapter shall be concurrent with that of the courts of the

several States." (U. S. Code, tit. 45, § 56.) As stated above, the Employers' Liability Act contains no provision with respect to apportionment, except the general language contained in section 51 hereinabove quoted. The court is of the opinion and decides that this court has jurisdiction to determine the manner of apportionment of cases coming within the application of the Jones Act.

The remaining question is the determination of the correct rule of apportionment. Although the United States Supreme Court, in *Taylor* v. *Taylor* (*supra*), held that " The Employers' Liability Act of 1908, as amended in 1910, supersedes all State statutes upon the subject covered by it, and the distribution of the amount recovered in an action for death of an employee is determined by the provisions of that act and not by the State law " (headnote), the principles governing the actual distribution in the courts of this State were not determined by any tribunal prior to the learned opinion rendered by Surrogate WINGATE of Kings county in *Matter of Uravic* (*supra*). The conclusions reached in that case appear to be sound. Applying these principles to the case at bar, the only persons who can share in the distribution are relatives of the decedent who have sustained pecuniary loss as a result of the death, and such recovery is to be directly proportionate to the loss which each has sustained.

The proof submitted shows to the satisfaction of the court that the decedent was survived by the petitioner, his widow, aged forty-four years, and four children of the ages of twenty-one, sixteen, eleven and seven, respectively. There is a presumption that minor children, by reason of the legal obligation of support on the part of their parent, sustained a pecuniary loss as the result of the death even though they may have received no contribution from him during his lifetime, and the same presumption would apply to a wife. (*Matter of Uravic*, *supra*.) Proof has been submitted that none of the infant children was, or is, under any physical infirmity, injury or other condition which would impair his ability to support himself upon attaining majority, or would in any other manner make him more dependent than the others upon the father for support. Proof has also been submitted that the daughter, Evelyn Nelson Watson, was married at the time of her father's death and being wholly supported by her husband. She is now twenty-one years of age and has stated in an affidavit filed in this office that she has sustained no pecuniary loss by reason of her father's death and makes no claim to the proceeds of settlement.

The widow is entitled to support for the duration of her life or that of her husband, whichever is the shorter, and this period is calculated on mortality tables. In the instant case the widow was

forty-four years of age at the time of decedent's death and the decedent was sixty years of age. Based on the American Experience Mortality Tables the expectancy of life of decedent at the time of his death was fourteen and nine one-hundredths years, and that of his widow twenty-five and twenty-seven one-hundredths years. George Nelson, the decedent's minor son, was sixteen years of age at the time of his father's death and, consequently, his dependency will continue for a period of five years. Warren Nelson, decedent's son, was eleven years of age, and his dependency will continue for a period of ten years. Joan Nelson, decedent's daughter, was seven years of age, and her dependency will continue for a period of fourteen years. Adopting the decedent's period of expectancy as the measure of the widow's pecuniary loss, the widow and her three minor children are, in the aggregate, entitled to support for fifty-four and nine one-hundredths years. The percentages of the settlement corpus apportionable to the widow and the three minor children are as follows: Ethel Martin Nelson, widow, .32.70 per cent; George Nelson, son, 11.60 per cent; Warren Nelson, son, 23.20 per cent; and Joan Nelson, daughter, 32.50 per cent.

Enter order accordingly.