EDITH AMO, as Administratrix, etc., of CHARLES G. AMO, Deceased, Appellant, *v.* WILLIAM J. LEONARD, Respondent.

Fourth Department, October 2, 1941.

*Melvin F. Kinkley,* for the appellant.

*Daniel Scanlon,* for the respondent.

CROSBY, P. J. Plaintiff appeals from an order of the Special Term of the Supreme Court denying her motion to vacate an order allowing and approving the settlement of her cause of action

against the defendant, as well as to vacate a judgment of $2,140 entered upon said order. The facts are not in dispute.

Plaintiff's intestate met his death by being struck by defendant's car. Plaintiff was granted so-called limited letters of administration, by the Surrogate's Court, pursuant to section 122 of the Surrogate's Court Act. The letters contain this provision: "And you as such administrator are restrained from making or effecting a compromise of said right of action or cause of action and the enforcement of any judgment recovered therein until the further order of our Surrogate on additional further satisfactory security, and you are hereby authorized to do and perform all acts relating to the enforcement of said cause of action except compromising the same or collecting or enforcing any judgment you may obtain."

The language of this restraining part of the letters does not follow exactly the language of the section (Surr. Ct. Act, § 122) authorizing it. The statute says nothing about restraint of " *making* * * * a compromise;*" but speaks only of " restraining the * * * administrator from compromise of the action or the enforcement of any judgment recovered therein until the further order of the surrogate made *upon filing satisfactory security."*

The purpose of this section of the Surrogate's Court Act is perfectly obvious. It is to enable the surrogate to dispense with an administrator's bond to secure the unknown amount of a possible recovery in an action to be brought for damages for causing the death of decedent, and to enable the surrogate to require security for such amount as the administrator may later become entitled to either as the result of a settlement or a judgment, before the money comes into the administrator's hands.

In the instant case there has been both a settlement and a judgment. During the trial in Supreme Court the parties agreed upon a settlement of $2,140 and the Supreme Court, with all necessary parties before it, and with knowledge of all the facts, awarded the plaintiff judgment for that amount. Before making the order for the judgment the court had heard all the evidence the plaintiff had to offer in support of her cause of action.

The plaintiff administratrix then applied to the Surrogate's Court for an order vacating the restraining provision of the limited letters, and offered security for the safety of the amount of the judgment. The record informs us that the surrogate not only refused to grant relief but also refused even to entertain the matter and asserted that the administratrix stood in contempt of court for compromising her cause of action without the consent of the Surrogate's Court.

The action was brought in the Supreme Court, a court of general jurisdiction. It could not have been brought in Surrogate's Court.

The position taken by the surrogate is equivalent to an assertion that his court has power in effect to reverse the judgments of the Supreme Court. The Surrogate's Court has no such power.

If the administratrix desires to compromise an action, or to enforce a judgment recovered in pursuance thereof, she should present a verified petition to the Surrogate's Court setting forth the restriction contained in the letters, the amount which is about to come into her hands by reason of the compromise or the enforcement of the judgment, and ask that an order be made, on giving additional satisfactory security, removing the restriction contained in the limited letters, so as to leave her free to accept a compromise or to enforce a judgment for the amount stated (*Matter of Malloy*, 1 Dem. 421); and the Surrogate's Court has no duty to perform beyond seeing that adequate security is given. The Supreme Court, in which the action was brought, is the proper forum to determine the correctness of the judgment which it granted. (*Matter of Atterbury*, 222 N. Y. 355.)

The appellant has called our attention to no authority holding that the Supreme Court should vacate its judgment or order allowing a compromise as a condition of procuring from the Surrogate's Court an order removing the restriction contained in the limited letters.

We have not overlooked the argument that the language of section 122, "restraining the * * * administrator from compromise of the action or the enforcement of any judgment recovered therein until the further order of the Surrogate made upon filing satisfactory security," when read narrowly, seems to forbid a compromise or agreement to settle an action until the further order of the surrogate. But the Legislature must have had in mind that restraining only the collection of a judgment would not afford full protection to interested parties, for an administrator might make a compromise settlement without obtaining a judgment, and without even bringing an action. Any conclusion to be drawn from such narrow reading of section 122 is entirely overcome by the obvious purpose of the section, which is to prevent administrators from handling funds without giving security. The purpose cannot be to enable the Surrogate's Court, in effect, to nullify the judgments and orders of the Supreme Court or the judgments and orders of other courts of competent jurisdiction.

The order should be affirmed, without costs of this appeal to either party.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, without costs of this appeal to either party.