In the Matter of the Estate of CHARLES G. AMO, Deceased. EDITH AMO, as Administratrix, etc., of CHARLES G. AMO, Deceased, Petitioner, Appellant.

Fourth Department, July 1, 1942.

*Melvin F. Kinkley*, for the appellant.

*Daniel Scanlon, amicus curiæ.*

*A. Raymond Cornwall, amicus curiæ.*

CROSBY, P. J. The history of events leading up to this appeal is sufficiently outlined in our opinion in the case of *Amo* v. *Leonard* (262 App. Div. 467). In that case we had an appeal from an order of the Special Term of the Supreme Court, denying a motion to vacate a judgment entered, with the approval of a justice of the Supreme Court, upon a compromise reached by the parties during a jury trial. Concededly the Supreme Court had jurisdiction of all necessary parties and of the entire subject-matter. And the Supreme Court also had before it proof of all the facts offered by plaintiff in support of her cause of action.

Reduced to its simplest terms the question involved in this appeal is whether or not the Surrogate's Court could, in effect, nullify the judgment of the Supreme Court by refusing to exercise its discretion in respect to approving a bond tendered with the application to remove the limitations from certain letters of administration issued pursuant to section 122 of the Surrogate's Court Act.

The limited letters contained this provision: " You as such administrator are restrained from making or effecting a compromise of said right of action or cause of action and the enforcement of any judgment recovered therein until the further order of our Surrogate on additional further satisfactory security," etc.

We take this to mean that if the administratrix wishes to *compromise* the *cause of action* she must first secure the surrogate's approval of the *compromise*, upon giving security satisfactory to the surrogate; and, likewise, if she wishes to *collect* a *judgment* recovered in the Supreme Court she must also secure the permission of the Surrogate's Court to *collect the judgment*, by giving satisfactory security. We adhere to our opinion, expressed in the appeal heretofore mentioned, that the surrogate is not at liberty to set at naught a judgment granted by a court of general jurisdiction which had the cause, the parties and all the facts before it.

In the brief filed by a friend of the court in behalf of the surrogate there is stressed the danger of confusion due to conflicting jurisdictions. We see no confusion and no danger of confusion. Until the Supreme Court has either granted a judgment, or made an order on which a judgment of that court could be entered, the surrogate has entire control of any proposed compromise; but. after the Supreme Court has rendered such judgment or granted such order, the surrogate's only power and only duty is to see that security is given to protect the amount of the judgment granted or that could be entered on such order. It is not to be supposed that the Surrogate's Court alone can be trusted to see that justice is accomplished.

This being our view of the matter before us, we think that the order appealed from should be reversed. The surrogate found no fault with the security bond tendered with the application to make the letters full and complete; he refused to exercise his discretion to pass upon the sufficiency of such security. If our view of the law is correct, the exercise of discretion was all that was involved. The exercise of discretion raises a question of fact, not of law. Section 309 of the Surrogate's Court Act provides that, in such case, this court " has the same power to decide the questions of fact, which the Surrogate had; and it may, in its discretion, receive further testimony or documentary evidence," etc.

Therefore the order appealed from should be reversed on the law and facts, without costs, and the order, which was denied by the surrogate, granted, without costs, upon the appellant's presenting to this court, a bond, in the penal sum of $2,500 for its approval as to form and sufficiency of surety.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

. Order reversed on the law and facts, without costs of this appeal to either party, and motion granted, without costs, and the bond in the sum of $2,500 is approved.