## HAIDACKER v. CENTRAL R: CO. OF NEW JERSEY et al.

Civil Action No. 3274.

District Court, E. D. New York.

Oct. 30, 1943.

William Paul Allen, of New York City, for plaintiff.

MOSCOWITZ, District Judge.

This is an action by Anna Haidacker, administratrix of the estate of Henry P. Haidacker, deceased, husband of plaintiff petitioner, which was brought under the Federal Employers' Liability Act to recover damages for his death.

Decedent was born on May 3, 1901. He was 41 years of age at the time of his death, which occurred on October 27, 1942. His wife, the petitioner plaintiff, was born on July 18, 1901; their daughter, Anna Haidacker, was born February 2, 1921, and their son, Henry P. Haidacker, Jr., was born on August 19, 1923.

The Court in which the action is pending, whether it be the Federal Court, as here, or the State Court, which has concurrent jurisdiction with the Federal Court (Title 45 U.S.C.A. § 56) of an action under the Federal Employers' Liability Act (Title 45 U.S.C.A. § 51), is empowered to permit a settlement of an action of this kind. Whether or not an administrator would require permission from the Court in which he was appointed in addition to the permission of the Court in which the action is pending, be it a Federal Court or a State Court, depends upon the law of the state under whose authority the administrator is acting. For example, under the laws of the State of New York an administrator cannot compromise an action without obtaining the permission of the Surrogate's Court of the State of New York. See Matter of Uravic's Estate, 142 Misc. 775, 255 N.Y.S. 638; Matter of Klein's Estate, 162 Misc. 589, 295 N.Y.S. 197; Matter of Nelson's Estate, 168 Misc. 161, 5 N.Y.S.2d 398.

The Court in which the action is pending should, upon an application to compromise an action, determine the amounts the surviving widow and children are to receive. In such case a compromise would not be effective unless authorized by both the Court in which the action is pending, as in this instance the Federal Court, and by the State Court which appointed the administrator, if the law of that state required the permission of the State Court.

Upon the trial of an action for death of a deceased under the Federal Employers' Liability Act, with a jury, it is for the jury to apportion the pecuniary loss of the surviving relatives. This has been decided by the Supreme Court of the United States in Gulf, C. & S. F. R. Co. v. McGinnis, 228 U.S. 173, 33 S.Ct. 426, 427, 57 L.Ed. 785, in which the Court stated: "The statutory action of an administrator is not for the equal benefit of each of the surviving relatives for whose benefit the suit is brought. Though the judgment

may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss. That apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss."

In this case the deceased left him surviving a widow and two children, one child being an infant under the age of twenty-one, the other child over twenty-one years of age. The recovery is not limited to the widow and infant child if in fact the child who attained the age of twenty-one years suffered a pecuniary loss.

The Court has required the applicant to submit an affidavit by Anna Haidacker, the child who has attained the age of twenty-one years, indicating whether or not she claims any interest in this action. It appearing from the affidavit of Anna Haidacker, daughter, that she has waived any claim, the balance of the settlement after payment of the attorney's fees and disbursements should be divided between the plaintiff (the widow) and the infant son, Henry P. Haidacker, Jr.

There are situations where a child who has attained the age of twenty-one years would be entitled to damages if he had in fact suffered a pecuniary loss. Such an instance would be the case of one who was not employed and who was living at home and supported by the deceased, or who was living away from home and was ill or crippled and receiving support from the deceased; other instances might be pointed out.

The deceased at the time of death was earning $230 per month. An examination of the papers discloses that a recovery on behalf of plaintiff in this case is doubtful. The settlement of $12,500 offered by the defendant is approved by this Court.

According to the American Experience Tables of Mortality, the expectancy of life of the deceased at the age of 41 years was 27.45 years. Plaintiff, therefore, would have an expectancy of support from her husband for the balance of his life or 27.45 years, and Henry P. Haidacker, Jr., would have an expectancy of support for 1.83 years up to the time he was twenty-one years of age; this would make a total expectancy of 29.28 years. Out of the proceeds, after paying the attorney's fees and disbursements as allowed by the Court, the plaintiff will receive 27.45/29.28ths and the son 1.83/29.28ths.

The basis of the determination herein is the pecuniary loss suffered by the widow and infant child. The infant child apparently is in good health as he is in the United States Navy; his pecuniary loss would be from October 27, 1942, the date of the death of his father, up to August 19, 1944, when he will have attained the age of twenty-one years. If the infant child were not in good health, the allowance to him would be in a greater sum.

The American Experience Tables of Mortality show an expectancy of life which are merely to be used as guides in determining pecuniary losses. Each case should depend upon its particular facts. Life is too uncertain to place complete reliance upon expectancy tables; these tables merely show the average; they do not, of course, pretend to foretell life's future of any particular individual.

The Judge or jury, if the trial be by jury, should weigh all of the facts and probabilities in determining the pecuniary loss suffered by the relatives of a deceased. The most that a Court and jury can do is to try to make a good guess based upon the evidence as to the extent of the pecuniary damages suffered by the relatives of the deceased. The law cannot expect any more. There should be a fair determination considering the reasonable probabilities of the case.

The settlement is approved.