## TUMOLO v. READING CO.

### No. C–2062.

District Court, D. New Jersey.

Nov. 18, 1943.

John J. Corcoran, of Jersey City, N. J. (William Paul Allen, of New York City, of counsel), for plaintiff.

Nathan Kessler, of Philadelphia, Pa., for Fidelity-Philadelphia Trust Co., guardian.

Katzenbach, Gildea & Rudner and George Gildea, all of Trenton, N. J., for defendant.

FORMAN, District Judge.

Marie Tumolo, the plaintiff in the above cause, has filed a petition in which she showed that she is now residing in Philadelphia where she and her husband, Samuel Tumolo, lived up until the time of his death on November 28, 1941, which occurred as a result of injuries sustained by him while he was employed by the defendant at its 17th Street yard in Philadelphia.

Petitioner had some negotiation with the defendant regarding a compromise of her claim for the death of her husband, but alleged that she was given to understand that a settlement could be made for only about $4,000. Thereupon, she consulted counsel and eventually executed a written retainer which provided for the payment of 33⅓% of any recovery as a fee for services to be rendered in the prosecution of the claim, subject to the approval of the court.

This action was thereafter instituted and shortly before the day when the case would have appeared on the calendar for trial and

after considerable negotiation an offer was made by the defendant to settle in the sum of $16,750. Petitioner concedes that her attorney was entirely responsible for obtaining a settlement in an amount over the original offer of $4,000 and approves and consents to the payment of 33⅓% of the amount of the settlement as a fee.

The decedent, 45 years old when he died, was survived by the petitioner and the following three children: Marie Gloria Tumolo, born on December 10, 1923; Anthony Richard Tumolo, born on November 11, 1926; and Rita Christina Tumolo, born on December 7, 1929. Plaintiff was 38 years of age on the date of her husband's death and her children were 18, 15 and 12 years of age respectively. Petitioner was not employed during the lifetime of her husband and is not now employed. The two older children are now working but the third child goes to school. The Fidelity-Philadelphia Trust Company is the guardian of the estates of the three children.

There are no outstanding claims against the estate and the petitioner prays for an order permitting her as administratrix to compromise the suit in the said sum of $16,750 and for a further order directing that her counsel be paid the sum of $5,583.33 for a fee and the sum of $70 for reimbursement for the premium on her bond as administratrix.

It is the suggestion of petitioner that the balance of the fund, amounting to $11,096.67, should be divided equally, one portion in the sum of $5,548.33 to go to her and the other portion in like amount to be paid to the Fidelity-Philadelphia Trust Company as guardian of the three minor children, to be divided among them in equal shares. She suggests this equal division among the children to "avoid any possible jealousy that might arise".

No one questions the adequacy of the settlement figure of $16,750. It is a substantial settlement figure. In the light of the ever-attendant hazard of trial, it would appear to be a proper and appropriate settlement. The settlement figure is approved by the court.

The Fidelity-Philadelphia Trust Company has appeared and resisted the application to the following extent: It conceded that petitioner and her children are the appropriate parties to recover but it submitted that there is no provision in the Federal Employers' Liability Act, 45 U.S. C.A. c. 2, § 51 et seq., which directs apportionment of the fund among the dependents entitled to recover. The guardian suggests that the fund should be apportioned in accordance with the intestate laws of the State of Pennsylvania. It concedes the propriety of a charge by the attorney of 33⅓% against the widow's share but suggests that the fee should not be higher than 25% of the share to be divided among the children. It suggests that the fund of $16,750 should be divided by paying one-third thereof or $5,583.33 to the petitioner as widow of the decedent and the balance of $11,166.67 to the guardian to be divided equally among the three children in amounts of $3,722.22 each. Such amounts would be subject to the payment for legal services.

Nothing in the Federal Employers' Liability Act, supra, provides any formula for the allocation of a recovery under the law nor is it provided that the recovery shall be administered according to the intestate laws of the decedent's residence. In Taylor v. Taylor, 232 U.S. 363, 34 S.Ct. 350, 58 L.Ed. 638, it was held that the act superseded state statutes in determining the class of persons entitled to recover. The Federal Employers' Liability Act itself predicates recovery upon pecuniary loss. 45 U. S.C.A. § 51.

■ The decedent was 45 years of age at the time of his death. He had an expectancy of 24.34 years according to the American Experience Tables. His wife could rely upon him to support her as long as he lived. The children could look to him for support until they became of age. The loss of the dependents as defined by the federal law is strictly pecuniary and the rights of the parties to recover spring from the enactment of the law and the death of the decedent. Their recovery should not be measured as if the decedent died seized of the money which they should inherit in accordance with the intestate laws of a state. The jury in this kind of a case would have considered the pecuniary loss of this widow by reason of the death of her husband and the pecuniary loss of each child by reason of the death of its father in measuring its verdict. The middle-aged mother will suffer loss of support to a much greater extent than the children just approaching maturity, on the threshold of the income-producing period of their lives.

■ The fee proposed to be charged by counsel is consistent with the practice

prevailing in connection with this type of case where the compensation is made contingent upon recovery. There was undoubtedly a considerable investigation and preparation of the case as well as negotiation for the settlement figure. Even the intervening guardian excepts to only the difference between 33⅓% and 25% as it applies to the children's share. However, since it is conceded that the sum of $4,000 had been offered by the defendant to the widow as a compromise before counsel intervened, the fee should be computed only upon such sum as exceeds that amount, or upon $12,750. I see no reason why the children's share should not be burdened with the same rate of recovery as the petitioner's share and the fee of 33⅓% as applied to $12,750 is approved under the circumstances of this particular case. There is some question raised as to the necessity for payment of $70 for the bond of the administratrix, but the amount involved does not warrant detailed discussion. It will likewise be allowed to counsel.

Thus the net amount for allocation is as follows:

| | | |
|---|---|---|
| Gross recovery | | $16,750.00 |
| One-third of $12,750 to counsel | $4,250.00 | |
| Reimbursement for bond | 70.00 | 4,320.00 |
| Net recovery for allocation | | $12,430.00 |

The expectancy of life of the decedent should furnish the basis for allocation. This was 24.54 years. His widow, the petitioner, is entitled to recovery for all the years of his expectancy. The oldest child, 18 years of age at the time of his death, is entitled to recover for 3 years; the next child, 15 years of age at the time of his death, is entitled to recover for 6 years; and the youngest child, 12 years of age at the time of his death, is entitled to recover for 9 years. The following is a calculation of the allocations above made:

The sums apportioned to the children will be payable to their guardian for their interest.

An order will be made accordingly.

| | Years of pecuniary loss | | Amount apportioned |
|---|---|---|---|
| Marie Tumolo | 24.54 | (24.54/42.54 × 12,430) | $ 7,102.85 |
| Marie Gloria Tumolo | 3 | (3/42.54 × 12,430) | 887.86 |
| Anthony Richard Tumolo | 6 | (6/42.54 × 12,430) | 1,775.72 |
| Rita Christina Tumolo | 9 | (9/42.54 × 12,430) | 2,663.57 |
| | 42.54 | | $12,430.00 |