In the Matter of the Accounting of MARTHA YOCOM, as Administratrix of the Estate of ISAAC E. YOCOM, Deceased.

Surrogate's Court, Westchester County, February 5, 1948.

*Sydney A. Syme* for administratrix, petitioner.

*William T. Gallagher,* special guardian.

GRIFFITHS, S. In this combined proceeding for leave to compromise a claim for wrongful death and for an accounting, there is presented the question as to what portion, if any, of the proceeds of said compromise is payable to the estate of the deceased father of decedent.

The decedent met his death on July 15, 1943, while in the employ of the New York Central Railroad, when he was struck by a train operated by the trustees of the New York, New Haven & Hartford Railroad Company. At the time of his death decedent was not more than seventeen years of age, and was survived by a father and mother who were then aged fifty-nine and forty-seven years, respectively. The only other issue of decedent's parents was a daughter who at the death of decedent was thirteen years of age.

On July 10, 1943, shortly prior to the death of decedent a separation agreement had been executed between his parents. Although by one provision of such agreement the custody of

the children of the marriage is given to the mother, and the father is given merely a right of visitation, this clause is followed by statement to the effect that it is the intention that both parties shall have equal custody of the children.

Shortly following the death of decedent an action was instituted against both railroad companies by the parents of decedent as administrators of his estate. The liability against one defendant was predicated upon the statutory claim for wrongful death under section 130 of the Decedent Estate Law of the State of New York, the accident having occurred within the State of New York. The cause of action against the codefendant, the employer of decedent, was based upon the Federal Employers' Liability Act. These causes of action came on for trial on the 24th day of April, 1946. A conference with the Trial Justice resulted in the proposed settlement of such causes of action for the sum of $3,500 '' subject to the approval of the Surrogate's Court '' whereby each codefendant was to contribute the sum of $1,750.

On September 18, 1946, and before any payment had been made by either codefendant or any proceeding had been instituted for an order authorizing the compromise, the father of decedent died. He was survived by his widow, the mother of decedent, and a daughter, as his only distributees.

Distribution of the proceeds of a cause of action for wrongful death must be made in accordance with the laws under which the cause of action arose. (*Taylor* v. *Taylor, 232 U. S. 363.)* It is not disputed that one half of the proceeds of settlement is therefore distributable under the applicable provisions of section 133 of the Decedent Estate Law and that the remaining one half is distributable under the provisions of the Federal Employers' Liability Act. (U. S. Code, tit. 45, § 51 *et seq.*)

The father of decedent having died prior to the '' recovery '', the entire proceeds of settlement distributable under section 133 of the Decedent Estate Law are payable to the mother of decedent as the sole surviving parent pursuant to the applicable provisions of subdivision 6 of said section.

The special guardian contends that some part of the proceeds of the recovery distributable under the Federal Employers' Liability Act is payable to his ward as a distributee of the estate of decedent's father.

Section 51 of the Employers' Liability Act (U. S. Code, tit. 45, § 51) provides, in part, as follows: '' § 51. *Liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees from negligence: definition of*

*employees.* Every common carrier by railroad while engaging in commerce * * *. shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *.''

It is well settled that any recovery in an action for wrongful death under the Employers' Liability Act is limited to compensating those for whose benefit the administrator sues as are shown to have sustained some pecuniary loss. (*Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnes,* 228 U. S. 173; *Michigan Central R. R. Co.* v. *Vreeland,* 227 U. S. 59; *American R. R. Co. of Porto Rico* v. *Didricksen,* 227 U. S. 145.) The liability to the personal representative in the case of death of an injured employee '' for the benefit of the surviving widow or husband and children ''; and, if none, then of the parents, extends only to the pecuniary loss and damage to them by reason of death. (*Garrett* v. *Louisville & Nashville R. R. Co.,* 235 U. S. 308, 312.) Under judicial interpretation given to the statute, '' The damage is limited strictly to the financial loss thus sustained.'' (See opinion delivered by LURTON, J., in *American R. R. Co. of Porto Rico* v. *Didricksen, supra,* p. 149.) And although the judgment in such an action may be for a gross amount it is for the jury to apportion the recovery between each beneficiary measured by his or her pecuniary loss, which will exclude any recovery in behalf of such as show no loss. (*Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis, supra.*) The action is not therefore one as might seem by reading the statute for the equal benefit of the surviving parents for whose benefit the suit is instituted.

The jurisdiction of the Federal courts of actions arising under the Employers' Liability Act does not exclude the jurisdiction of the State courts with respect to such actions. (*Engel* v. *Davenport,* 271 U. S. 33; *Lynott* v. *Great Lakes Transit Corp.,* 202 App. Div. 613, affd. 234 N. Y. 626.) It follows therefore where upon the proposed settlement for a gross amount of a liability under such act there has been no apportionment of the recovery, the Surrogate may apportion the recovery in the manner in which a jury might do so in granting a verdict

for plaintiff. (*Matter of Uravic,* 142 Misc. 775; *Matter of De Martino,* 142 Misc. 431; *Matter of Barker,* 134 Misc. 833; *Matter of Nelson,* 168 Misc. 161.)

In apportioning the amount of damages recoverable by the mother of an unmarried son who was a minor it was held proper to consider the relation of the parties and the dependency of the mother for support upon his wages. (*Walker* v. *Missouri Pacific Ry. Co.,* 210 Mo. App. 592.) It has also been held that even though a child has not contributed to the support of a parent an action may be maintained under this chapter where there is a reasonable expectation of pecuniary benefit from the continuance of the life of the child. (*Moffett* v. *Baltimore & Ohio R. R. Co.,* 220 F. 39.)

The facts herein fail to disclose any contributions made by the deceased child to either parent or the earnings if any of either parent. It is not disputed that the mother of decedent is entitled at least to some part of the recovery. Direct evidence from which it may be inferred that pecuniary loss was sustained by the mother is found in the payment from her personal funds of the funeral expenses of such child. There is other evidence however sufficiently demonstrating a reasonable expectation on the part of the mother of pecuniary benefit from the continuance of the life of the child.

If by the terms of the separation agreement the right of custody was conferred upon both parties by act of the parties actual custody had been entrusted to the mother, with whom decedent was residing at the time of his death. The father of decedent, however, had purported to limit his liability to the payment of a nominal weekly sum for the support of his wife, and for the support, maintenance and education of the children during their minority. The foregoing circumstances, coupled with the actual residence of the decedent with his mother, following the execution of the separation agreement, negative any reasonable expectation on the part of the father of decedent, of any pecuniary benefit at least throughout the three-year period during which the father survived his deceased son. Being not more than seventeen years of age at the time of his death the decedent would not have attained his majority prior to the death of his father. During this period, therefore, the father could not reasonably expect any pecuniary benefit in the event of the continuance of life of the son. The liability of the father for the weekly payments provided for in the separation agreement would still continue until the son attained

his majority. Under these circumstances, and considering the nominal amount payable under the separation agreement it is improbable that any earnings of the son would be contributed to the father. Moreover, the agreement does not by its provisions contemplate that any part of the earnings of either child should be paid to the father to assist him in satisfying the payments becoming due under such agreement.

Wholly apart from any question as to the right to custody of either child is the realistic fact that at the death of the decedent both children of the marriage were residing with their mother, and that the mother was actually exerting over both children the rights and liabilities incident to custody. That the mother of decedent recognized no stipulated weekly sum as the measure of her liability to her son is evidenced by the payment from her personal funds of the sum of $616.70 on account of his funeral expenses. The court accordingly determines that the facts sufficiently indicate a reasonable expectation on her part of pecuniary benefit from the continuance of the life of her said son, and that the proceeds of settlement of the cause of action distributable under the Employers' Liability Act, as well as the portion of the recovery distributable under section 133 of the Decedent Estate Law, are payable wholly to the mother of decedent.

The fees and disbursements of the petitioner's attorney are allowed as requested. The personal claim of the accounting party is allowed in the sum of $616.70 to reimburse her for the amount of funeral expenses advanced from her personal funds.

Submit decree on notice accordingly settling the account and containing appropriate provisions for payment by the defendants of the proceeds of settlement directly to petitioner, her attorney, and to the special guardian, of the respective amounts to which they are entitled, as determined by this decision or as fixed in the decree to be made hereon.