Moss, S.
The decedent died on May 18, 1943, under circumstances giving rise to a cause of action for his wrongful death. He was survived by his father and mother, and letters of administration containing the limitations provided in section 122 of the Surrogate’s Court Act were issued to the father, on July 22, 1943.
Subsequent to his appointment the administrator commenced an action to recover damages for the death of his son, which, after prolonged negotiations, was settled in June of 1948, with the aid in part of an able and distinguished Justice of the Supreme Court, for the sum of $8,420. No order of this court was obtained, the parties having accomplished the settlement through the medium of releases. Releases were executed by the father-administrator and three of his then surviving children (the mother of the decedent having died some time prior thereto) and delivered to the defendant in the action. The check in payment of the settlement was made payable to the administrator and his attorney of record. The administrator indorsed the check and it was deposited in the latter’s special account. The funds were disbursed by the attorney for the plaintiff in accordance with the agreement of the parties. A check in payment of the father’s distributive share, accompanied by a statement of account, was admittedly received by him within ten days of the settlement. That check was never negotiated by the administrator. A new check was likewise never negotiated. The net proceeds of the share of the father-administrator still remain on deposit uncollected by the administrator.
This proceeding instituted by the attorney for the administrator, seeks dual relief, to wit: (a) leave to pay the net proceeds of the recovery constituting the distributive share of the respondent into court; and (b) approval of the compensation received by petitioner for legal services rendered in connection with the prosecution of the death action.
The administrator, having been duly cited, appeared in person and filed two affidavits in opposition to the relief sought. All parties were heard at considerable length by the court including, among others, the attorney for the defendant in the death action.
The purpose of the limitation upon the power of an administrator or executor to compromise an action for the wrongful death of a decedent, or to enforce any judgment recovered therein, except upon an order of the Surrogate, has been *1070 described in Amo v. Leonard (262 App. Div. 467, 468) as follows: “ The purpose of this section of the Surrogate’s Court Act [§ 122] is perfectly obvious. It is to enable the surrogate to dispense with an administrator’s bond to secure the unknown amount of a possible recovery in an action to be brought for damages for causing the death of decedent, and to enable the surrogate to require security for such amount as the administrator may later become entitled to either as the result of a settlement or a judgment, before the money comes into the administrator’s hands.” (See, also, Matter of Amo, 264 App. Div. 516.)
It is clear from the foregoing that the basic purpose of the section is to secure the persons beneficially interested in a recovery for wrongful death by requiring an administrator or executor to file a bond in sufficient amount before taking into his hands the proceeds of compromise, or of any judgment recovered, in such action. However, if the persons beneficially interested in the action are competent to act for themselves and assume to do so, then they should not be heard to complain if the section is not literally complied with, nor may such person be permitted to invoke its protection at a later date.
The right to prosecute the cause of action created by section 130 of the Decedent Estate Law is by the very terms of the statute conferred upon the- executor or administrator, who, however, sues for the benefit of the next of kin. The representative in such instance is frequently termed a “ statutory trustee.” Although the action must be maintained by the representative, the parties beneficially interested may by their act extinguish the right of action (Davis v. New York Central & Hudson Riv. R. R. Co., 233 N. Y. 242, 246; Rice v. Postal Tel. Cable Co., 174 App. Div. 39, affd. 219 N. Y. 629; Edwards v. Sullivan, 200 Misc. 488), and it is the settled rule that a release- given by the sole beneficiary or beneficiaries will bar further action by the representative against the defendant.
The mother of the decedent having died prior to the settlement of the action, the respondent as the surviving parent became the sole person beneficially interested in the recovery (Decedent Estate Law, § 133, subd. 6). In respect of the cause of action therefore, he acted in dual capacities. As administrator, he was the formal plaintiff in the action, suing however only for his individual benefit. It is well settled that persons suing in their representative capacity are, in contemplation of law, distinct persons and strangers to any right or liability as an individual (Leonard v. Pierce, 182 N. Y. 431, 432; Matter of Sullivan, 264 App. Div, 65, 68; and see Matter of Halpern, 303 *1071 N. Y. 33). It would nevertheless result in a legal absurdity if this court were now to hold that the failure of the administrator to obtain an order as provided in section 122 of the Surrogate’s Court Act had so prejudiced him in his individual capacity, as to require annulment of the settlement of the cause of action which he had released. Accordingly, the court concludes as follows :
1. That the respondent by his execution and delivery of a release to the defendant in the action completely discharged it from further liability.
2. That since the primary purpose of section 122 of the Surrogate’s Court Act is to secure the persons beneficially interested in the recovery, and the respondent, individually, was the sole person so interested, the failure to obtain an order of this court approving the settlement in no way vitiated the settlement.
The extinguishment of the cause of action by the delivery of the release did not however oust the court of further jurisdiction in the matter. In this respect the language of Judge Cardozo in Davis v. New York Central & Hudson Riv. R. R. Co. (233 N. Y. 242, 246, supra) is apposite: “ The settlement destroyed the cause of action except in so far as continued life was necessary for the securing to the executrix of rights accruing or accrued (Bruck v. N. Y. C. & H. R. R. R. Co., 219 N. Y. 668 * * *). To that extent, its life endured. The right of the executrix to sue connotes the incidental right to continue a suit begun when loss would otherwise result to trustee or to estate.”
After hearing all interested parties in open court, the court finds that the compensation received by the petitioner was fair and reasonable and actually less than that to which he was entitled. The said compensation is therefore formally fixed in the amount received by petitioner, the payment and receipt of which is now ratified and approved.
The court is entirely satisfied that the conduct of the petitioner with relation to this matter was exemplary and beyond reproach. The court is further satisfied that the failure of the respondent to obtain the benefit of his share was due wholly to his own inaction since the funds were at all times available to him. The administrator’s conduct in failing and refusing to receive the proceeds of settlement is unreasonable, arbitrary and capricious. Were he not the sole beneficiary, he would be removed by this court on its own motion. A claim made by the administrator for interest, is under the circumstances denied.
The petitioner will be authorized to deposit the fund in court by payment thereof to the treasurer of the City of New York, to the credit of this proceeding, for the benefit of the respondent *1072 administrator, and subject to the further order of this court, unless within fourteen days after service of order to be made herein the administrator negotiates the check in his possession or otherwise takes steps to withdraw the amount now on deposit. Settle decree on five days’ notice by ordinary mail.