Joseph A. Cox, S.
In this application for leave to compromise a cause of action for wrongful death and to settle account of administratrix, there is a dispute as to allocation of the net recovery. The accident happened in the District of Columbia and distribution is governed by the law of that jurisdiction (Matter of Williams, 192 Misc. 555). The District of Columbia Code provides:
1 ‘ Whenever by an injury done or happening within the limits of the District of Columbia the death of a person shall be caused by the wrongful act, neglect, or default, of any person or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured * * * , to main *238 tain an action and recover damages, the person who or corporation which would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured, even though the death shall have been caused under circumstances which constitute a felony; and such damages shall be assessed with reference to the injury resulting from such act, neglect, or default causing such death, to the spouse and next of kin of such deceased person; and shall also include the reasonable expenses of last illness and burial; Provided, That if there be a surviving spouse the jury shall allocate the portion of its verdict payable to the spouse and next of kin, respectively, according to the finding of damage to said spouse and next of kin ”. (§ 16-1201.) (Italics supplied.)
1 ‘ The damages recovered in such action * * * shall inure to the benefit of his or her family and be distributed to the spouse and next of kin according to the allocation made by the verdict or judgment, or in the absence of such allocation, according to the provisions of the statute of distribution in force in said District of Columbia.” (§ 16-1203.)
‘ ‘ If there be a widow or surviving husband and no child or descendants of the intestate, but the said intestate shall leave a father or mother, or brother or sister, or child of a brother or sister, the widow or surviving husband shall have one-half.” (§ 18-704.)
The case was settled after suit started in United States Court, Southern District. There was no trial and consequently no allocation of damages by a jury. Decedent was survived by his widow and his father aged 72 who died two years later, survived by two other sons and two children of another predeceased son, all adults. Decedent’s life expectancy, 31.4 years, was less than his widow’s and petitioner proposes to take this together with the father’s expectancy at two years and, on a dependency basis, allocate 31.4:33.4 of the net recovery to the widow and 2:33.4 to the father’s distributees. Respondents contend that under the above statute the widow is entitled only to 50% and the balance to them.
Petitioner’s proposed distribution is in accord with the modern trend of statutes and courts in respect of wrongful death actions. Although it is true, as noted by respondents, that the decision in Matter of Southern S. S. Co. (135 F. Supp. 358) cited by petitioner, related to the Federal Employers’ Liability Act, the court there stated (p. 360): “ While the Act' does not expressly spell out ‘ dependency ’ as applicable to a widow, children, or parents with the same exactitude that it does as to ‘ next of kin ’, yet the statute has uniformly been *239 construed as intended only to compensate the surviving relatives of such deceased employee for the actual pecuniary loss resulting to the particular person or persons for whose benefit an action is given. ’ ’
Similarly the statute involved herein, read as a whole may be interpreted to intend allocation on a dependency basis, when the parts thereof italicized by the court are given due consideration.
In a similar situation where there was a settlement in the United States District Court and no allocation of damages by the court, although again involving the Federal Employers’ Liability Act but analogous to the situation and circumstances herein, the Surrogate of Westchester County stated in Matter of Yocom (193 Misc. 340, 343-344): “ The jurisdiction of the Federal courts of actions arising under the Employers’ Liability Act does not exclude the jurisdiction of the State courts with respect to such actions. (Engle v. Davenport, 271 U. S. 33; Lynott v. Great Lakes Transit Corp., 202 App. Div. 613, affd. 234 N. Y. 626.) It follows therefore where upon the proposed settlement for a gross amount of a liability under such act there has been no apportionment of the recovery, the Surrogate may apportion the recovery in the manner in which a jury might do so in granting a verdict for plaintiff. (Matter of Uravic, 142 Misc. 775; Matter of De Martino, 142 Misc. 431; Matter of Barker, 134 Misc. 833; Matter of Nelson, 168 Misc. 161.) ”
There is no objection herein to the amount of the recovery or to attorney’s fees. The application is granted and the distribution of the net proceeds of the settlement as proposed by the petitioner is approved.
Submit decree on notice.