Benjamin Brenner, J.
Plaintiff administratrix presents an order embodying the terms of a settlement in a wrongful death action commenced under limited letters of administration issued to her by the Surrogate’s Court pursuant to section 122 of the Surrogate’s Court Act. She requests that the moneys be apportioned among the persons eligible to receive same and that the administratrix be allowed to receive and disburse such moneys.
Section 133 of the Decedent Estate Law amply empowers the Supreme Court as the “ court having jurisdiction of the action,” not only to settle the action, but to determine the proportions in which said moneys are to be distributed, thus indicating that this is not an exclusive function of the Surrogate’s Court.
But the question presented is whether “ the court having jurisdiction of the action ’ ’ can and should also provide for the receipt and distribution of these sums. The administratrix is here acting under section 122 of the Surrogate’s Court Act which provides for the issuance of limited letters and restrains her “ from compromise of the action or the enforcement of any judgment recovered therein until the further order of the surrogate made upon filing satisfactory security. ’ ’
In Amo v. Leonard (262 App. Div. 467) and Matter of Amo (264 App. Div. 516) narrow construction of section 122 was rejected as not hampering compromise of a wrongful death action by courts other than the Surrogate’s Court, even where limited letters were first procured from the latter court, it being noted that the primary purpose of the statute was to see that ample security be given so that the persons who had suffered pecuniary loss would be protected.
However, unless overriding circumstances warrant its full exercise, this power should be limited to the settlement of the cause and where, as here, the persons entitled to damages appear to be obvious, such power may extend to apportionment as well. The Surrogate’s Court is otherwise peculiarly competent to deal with notices and hearings relative to apportionment and the appointment, conduct and discharge of special guardians.
The only persons entitled to the proceeds of the settlement in the instant application being the widow and child of the deceased, the order presented will be limited to an allowance of the terms of settlement, the discharge of the defendants from liability and the proportions to be distributed; leave for receipt and distribution of the funds and requirements for security, if any, are to be authorized by the Surrogate’s Court.
Order signed.