Daniel E. Fitzpatrick, J.
The plaintiffs move to confirm the report of Honorable Samuel S. Tripp, Special Referee, dated *301 May 20,1963, and for other relief as prayed for in their original cross motion.
This is an action in negligence arising from a collision between two motor vehicles on December 10, 1959. The plaintiffs were passengers in one of such vehicles driven by the defendant Minnie Schuckman, now deceased, but owned by the defendant Jack Schuckman. The plaintiffs sued both individually. In that action, the defendants moved to vacate the service of process “ Subsequent to November 15, 1962” upon the ground that Minnie Schuckman died on May 1,1960.
By cross motion captioned “ Sylvia Kail and Emanuel Kail, plaintiffs, against Minnie Schuckman and Jack • Schuckman, defendants ” (designated as Action No. 1), and by the same plaintiffs “ against Jack Schuckman as Administrator of the Estate of Minnie Schuckman, defendant ” (designated as Action No. 2), the plaintiffs moved for an order (1) denying the defendants’ motion to vacate the service of process, (2) to consolidate the two actions and (3) for an inquest against Jack Schuckman, individually in Action No. 1 and against him as administrator of the estate of Minnie Schuckman in Action No. 2.
By order dated May 28,1963,1 referred to the Special Referee to hear and report “ the question of the due service of process upon the defendants.”
During the hearing before the Special Referee, counsel for the respective parties stipulated on the record that Jack Schuckman, as defendant in the individual action (Action No. 1) was personally served on November 17, 1962, with a summons and complaint verified November 15, 1962. It was also conceded at the hearing that a summons in Action No. 2 was delivered on December 6, 1962, to the defendant Jack Schuckman as administrator of the estate of his wife. However, in the affidavit of one of the attorneys for said defendant, sworn to on March 6, 1963, and submitted in connection with the original motion, it was claimed, “ There is no evidence to the effect that jack schuckman was ever appointed Administrator of the Estate of minnie schuckman or is in fact the Administrator of the Estate of minnie schuckman. Further, there is no indication of any kind that jack schuckman is authorized to receive process for the deceased, minnie schuckman.”
While opposition has been interposed solely to so much of plaintiffs’ motion as seeks consolidation of both actions and an inquest in both because the motion, pursuant to section 237-a of the Civil Practice Act, was made after the expiration of 20 days following the service of process in each case, the question of law presented herein appears to be one of first impression.
*302 Accordingly, the learned Special Referee’s report in that connection is herewith set forth.
It appears, however, from a certified copy of the Administration Proceeding offered in evidence in the companion case, Koppelman v. Schuckman, heard at the same time (Pltff’s. Exh. 2), that by petition verified October 19, 1960, Jack Schuckman applied for letters of administration of the goods, chattels and credits which were of Minnie Schuckman, Deceased, who passed away on May 1, 1960. He stated that an action in negligence existed “ against Harriet Koppelman and Vie Rental Inc., for causing death of Minnie schuckman on May 1, 1960, due to an accident that occurred on December 10, 1959 at 168th St. & 85th Ave., Jamaica, New York, because of the negligent operation of an automobile owned by Vic rental inc. and operated by Harriet Koppelman.” On June 15, 1960, the Surrogate’s Court of Queens County decreed “ that Letters of Administration of the goods, chattels and credits of the said deceased be awarded to the said petitioner on his filing the oath of office and otherwise qualifying according to law; and said Administrator is hereby restrained from collecting or receiving any funds or property of said intestate or from compromising any action granted to the Administrator by special provision of law, or any action which existed in behalf of the decedent, or the enforcement of any judgment recovered therein until the further order of the Surrogate made upon filing satisfactory security.” The Letters issued the same day authorized Mr. Schuckman to administer the estate of the deceased “ subject to the jurisdiction and supervision of this Court ” with the typewritten notation: “ These Letters however being issued subject to the Restrictions and Limitations contained in Decree or Order filed the 35th day of June, 1961.”
The language of the restraining part of the decree, above set forth, is authorized by section 122 of the Surrogate’s Court Act which was enacted to secure the persons beneficially interested in a recovery for wrongful death by requiring an Administrator to file a bond in sufficient amount before taking into his hands the proceeds of compromise or of any judgment recovered in such action. (Amo v. Leonard, 262 App. Div. 467; Matter of Finkelstein, 1 Misc 2d 1067, affd. 6 A D 2d 1055.)
Inasmuch as the decree did not confine Mr. Schuekman’s powers to the prosecution of the action for wrongful death, but granted him Letters of Administration with but a single restraint, to prevent him from 'handling the recovery from such action without giving security, he became the full legal representative of his deceased wife for all purposes including the service of process upon him in connection with a cause of action existing against her at the time of death.
Accordingly, the conceded service of the summons upon Mr. Schuckman, as Administrator, on December 6, 1962, should be held valid as vesting the court with jurisdiction over him as Administrator of the estate of the deceased. Said defendant should be given ten days following the service upon his attorneys of a copy of the order to be entered herein in which to appear and demand the service of a complaint in the action against him as Administrator, and to serve his answer to the summons and complaint in the action against him, individually.
The findings, views and recommendations hereinbefore set forth are adopted and confirmed in all respects. Plaintiffs’ cross motion is granted only to the extent of consolidating both actions and under all the circumstances inquests are denied. Defendant Jack Schuckman, individually and as administrator *303 of the estate of Minnie Schuckman, deceased, will have 10 days following the service of a copy of the order to be entered hereon, with notice of entry, in which to appear, and within 10 days thereafter the plaintiffs will serve a complaint in the consolidated action to which an answer may be interposed within the statutory time.